CASE 19—PETITION EQUITY—APRIL 10.

# McCullough's Adm'r v. Anderson.

APPEAL FROM FAYETTE CIRCUIT COURT.

CONSTRUCTION OF DEVISE—LIFE ESTATE WITH POWER OF DISPOSITION.—Where a testator creates a life estate in one with remainder to another, and at the same time gives the life tenant the power to defeat the remainder by disposing of the property by deed or will, the remainder will take effect if there has been no disposition of the property by the life tenant. The power of disposition does not convert the life estate into a fee unless it is exercised.

BRECKINRIDGE & SHELBY FOR APPELLANT.

1. As to the distinction between powers and estates: 1 Sugden on Powers, side page 40; 4 Kent, side pages 315-6; Williams on Real Property, side page 272; Jones v. Clifton, 101 U. S., 225; Burleigh v. Clough, 52 N. H., 271-2.

2. The gift of an estate expressly for life, with the grant of an absolute power of disposal to the life tenant, does not constitute an estate in

McCullough's Adm'r v. Anderson.

fee, nor render invalid the remainders limited to take effect after the expiration of the life estate and the non-exercise of the power. (4 Kent, side pages 319, 535–6; 1 Hilliard on Real Property, 622; 2 *Id.*, 590; Tomlinson v. Dighton, 1 P. Wms., 171; Jackson v. Robins, 16 Johns., 588; 2 Preston on Estates, side pages 80–82; Glover v. Stillson, 56 Conn., 316; Fairman v. Beal, 14 Ill., 244; Funk v. Eggleston, 92 Ill., 533; Caleb v. Field, 9 *Dana*, 346; Thompson v. Vance, 1 Met., 676–7; note to Johnson v. Cushing, 41 Amer. Dec., 704; note to Rubey v. Barnett, 49 *Id.*, 115; Tiedeman on Real Property, sec. 564; 1 Sugden on Powers, side pages 120–126; Burleigh v. Clough, 52 N. H., 271–278; Denson v. Mitchell, 26 Ala., 370.)

BECK & THORNTON FOR APPELLEE.

1. The testator intended his wife should take the absolute property, and not a mere life estate with the naked power of appointment. (David, &c., v. Bridgman, &c., 2 Yerg., 557,)

The capacity of the first devisee to dispose of the devised estate as he pleases, without being accountable for the estate or its proceeds, creates an absolute gift. (Attorney-General v. Hill, Fitzgibbons, 144; Flanders v. Clark, 1 Ves., Sr., 9; 3 Atk., 509; Bland v. Bland, 2 Cox, 349; Goodtitle v. Otway, 2 Wils., 6; Robinson v. Dusgate, 2 Vern., 180; Pushman v. Filliter, 3 Ves., Jr., 7; Hales v. Margemm, 3 Ves., 299; Barford v. Street, 16 Ves., Jr., 135; Ross v. Ross, 1 Jacob & Walker, 154; Bull v. Kingston, 1 Merr., 314; Henderson v. Cross, 29 Beav., 216; Perry v. Merritt, 18 Eq. Cases, 152; Watkins v. Williams, 3 MacN. & G., 622; Shermer v. Shermer's Ex'rs, 1 Wash. (Va.), 266; Riddick v. Cohorn, 4 Rand., 547; Melson v. Cooper, 4 Leigh, 348; May v. Joynes, 20 Gratt., 692; Missionary Society v. Calvert, 32 Gratt., 363; Cole v. Cole, 79 Va., 255; Pulliam v. Byrd, 2 Strobh. Eq., 134–138; Smith v. Bell and Wife, Martin & Yeag., 302; Booker v. Booker, 5 Humph., 513; David v. Bridgman, 2 Yerg., 557; Deadrick v. Armour, 10 Humph:, 558; Ide v. Ide, 5 Mass., 499; Hale v. Marsh, 10 Mass., 468; Ramsdell v. Ramsdell, 21 Me., 288; Flinn v. Davis, 18 Ala., 132; McKenzie's Appeal, 41 Conn., 637; Van Gordner v. Smith, 99 Ind., 404; Jackson v. Coleman, 2 John., 391; Jackson v. Bull, 10 John., 18; Jackson v. Robbins, 16 John., 537; Howard v. Carusi, 109 U. S., 725; 2 Minor's Inst., 1061, 1081; 1 Jann. on Wills, note 1, page 669; Moore v. Webb., 2 B. M., 282; Ball, &c, v. Hancock's Adm'r, 82 Ky., 107; Gifford v. Choate, 100 Mass, 346; Jenner v. Hardies, 1 Leonard, 283; Burwell's Ex'rs v. Anderson's Adm'rs, 3 Leigh, 356.)

2. As the legal effect of the language of the will was to vest in Mrs. McCullough the absolute property in the entire estate, the limitations over are void, either as executory devises or contingent remainders. Not even to effectuate the intention of the testator will the courts

overturn an established principle of law. (Loveacres v. Blight, Cowper's R., 352; Henry v. Hogan, 4 Humph., 210; Thompson v. McKissick, 3 Humph., 631; Van Gorder *et al.* v. Smith, 99 Ind., 409; Smith v. Bell, 6 Pet., 75; Fearne on Remainders, 373 (side page), 3d Am. ed.; Cruise's Digest, vol. 2, 238 (side page); Lee v. Lee, 7 B. M., 606; 6 Cruise's Digest, 407, side page; 3 Saunders' Rep. (2d Am. ed.), 388, d., note; Jackson v. Bull, 10 John., 18.)

3. Where the first taker has an estate for life, with absolute power to dispose of the whole, he takes property, and not power only; but where a limited or qualified power of disposition is annexed to a life estate only, power, and not property, is conferred. (Bradley v. Westcott, 13 Ves., Jr., 445.)

   Burleigh v. Clough, 52 N. H., 267, commented on.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In the year 1873 Samuel McCullough died in the county of Fayette, leaving his widow, Harriet McCullough, surviving him, to whom he devised his estate in the following manner : "To my most precious and well beloved wife I give, during her life, all my estate, real and personal, whether in possession or in action, with full and ample authority to dispose of the whole of it as she pleases. At her death, should she not have previously made a testamentary distribution of all remaining undisposed of by her, I desire that such remainder shall be distributed as herein directed.

"2. To my niece, Mrs. Mary, of Indianapolis, I give my house and lot on High street where I now reside," etc. The testator then proceeds to make other special devises, and directs his executors, within two months after the death of his wife, to sell and dispose of all the real estate left undisposed of by himself or his wife, and to distribute the proceeds as directed, etc.

They had no children, and his wife, Harriet, dying intestate in the year 1887, leaving much of the prop-

erty devised to her undisposed of, this controversy is between the devisees under the will of the husband and the heirs-at-law of the wife, each claiming the property undisposed of by the wife.

The personal representative of McCullough filed his petition in equity against the devisees of one and the next of kin of the other, in which he claims that the estate undisposed of passed by the will of the testator. The heirs of Harriet McCullough (the wife) filed an answer, in which they claim that the estate passed under the statutes of descent and distribution to the heirs of Harriet. The chancellor below adjudged, on a demurrer to this answer, that on the death of the wife, intestate, the real estate in Kentucky descended to her heirs in fee, and the personal estate to her heirs and distributees. In other words, that, under the will of the husband, his wife took the absolute estate, without limitation or restriction. The construction by the devisees is, that by the express terms of the will she took a life estate only, with the power to dispose of it if she saw proper during her life, or at her death by last will and testament, and not having exercised that power, the estate left passed by the will; that while the life estate might have been enlarged by the exercise of the power of disposition, the wife, having failed to exercise that power, left the estate to pass as the testator directed it should.

The power of absolute disposition carries with it, nothing else appearing, the absolute property in that which is to be disposed of, but there may be such an intention arising from the language used as will limit the power or confine its exercise to the life of the first takers.

It is manifest from the provisions of this will the testator desired that his wife should use and dispose of this estate during her life as she wished, and to make a testamentary disposition of it if she saw proper, but the testator, in the event the wife declined to exercise the power given her, made provision for those who had claims upon his bounty, and intended that those devisees, after the termination of the life estate of the wife, should take what was undisposed of by her. The testator, doubtless, thought that the necessities or wants of the wife, or the changes that time might bring in reference to the property or its value, might require the expenditure of the whole estate, or that his wife might desire to give the estate to her own kindred instead of having it pass to his, and to provide for her wants, or to gratify her desires, and certainly in the execution of a purpose of his own, gave to the wife the power to make any disposition of the estate she saw proper ; but if she failed to do this, then the testator provided that his own kindred should take. Here was simply a devise over after the termination of the life estate, and the failure of the life tenant to make any disposition of the property whatever under the power conferred.

In considering a question of the importance that this is, although aided by arguments on each side, evidencing great ability and much research, we find it difficult to reconcile many of the cases with the general doctrine on the subject, or to follow them, unless we lose sight of the intention of the maker of this will, and adopt a rule of construction so technical in its character and application as to defeat the

very object the testator had in view when executing the paper. His purpose was to give to his wife the benefit of his entire estate, and to provide for his kindred out of that portion of it that might remain undisposed of at her death.

After. a careful review of all the authorities to which our attention has been called, the rule sanctioned and followed is this: If the estate is given or devised generally or indefinitely with a power of disposition, it passes a fee, but when the devisor or grantor owning the fee gives to the first taker an estate for life, with the power to dispose of the fee, no greater estate is vested in the first taker than that carved out of the fee and vested in him by the devisor or grantor. He is given a life estate in express terms, and the failure to exercise the power gives to the remainderman the fee, because no disposition having been made of it by the life tenant, he takes under the will or conveyance. It is said "if an estate be given to a person generally or indefinitely, with a power of disposition, it carries a fee, unless the testator gives the first taker an estate for life only, and annexes to it a power of disposition. In that case the express limitation for life will control the operation of the power and prevent it enlarging the estate into a fee." (4 Kent, Commentaries, 535-536.)

Counsel for the appellees has referred us to several cases, English and American, in direct antagonism to the doctrine laid down by Chancellor Kent. In Barford v. Street, 16 Vesey, Jr., 135, there was a devise of real and personal estate in trust to pay the rents and dividends to Mary Barford during her life, and after

her death to convey according to her appointment by deed or will, with a limitation over in case of her death in the life-time of the testatrix, or in default of appointment. Mary Barford filed her bill, in which she alleged that she was, by reason of the unqualified power of appointment by deed or will, invested with the fee, and it was held by Sir William Grant, Master of the Rolls, that she had the absolute estate, and in determining the extent of her interest he said: "An estate for life, with an unqualified power of appointing the inheritance, comprehends every thing." In the case of May v. Joynes, reported in 20 Gratt., 692, the devise was: "I give to my beloved wife, subject to the provisions hereinafter declared, my whole estate, real and personal, and especially all real estate which I may hereafter acquire, to her during her life, but with full power to make sale of any part of said estate, and to convey absolute title to the purchasers, and use the purchase money for investment, or any purpose that she pleases, with only this restriction, that whatever remains at her death shall, after paying any debts she may owe or any legacies she may leave, be divided as follows," &c. The court held that the limitation over was repugnant to the grant of the fee, and that the wife was vested with the absolute estate.

In Pulliam v. Byrd, 2 Strob. Eq., 134, and in Smith v. Bell, Mart. & Y., 302, the same rule was recognized, the court remarking in the first-named case that "when a life estate is created in terms, and to this is added a power of ulterior disposition unconfined as to mode or object, no case has been produced suggesting that this power is a naked power, and required to be exe-

cuted in order to divest the grantor of the fee." In David v. Bridgman, 2 Yerg., 557, the same utterance is made, the court holding that the wife took the absolute and unqualified property in the estate devised. Following these cases might be cited many others, recognizing the rule under which the first taker took the fee; and whether exercising the power of appointment or not, the limitation over in nearly all the cases was held void as being repugnant to the fee.

In view of these authorities it is maintained that although the wife, Harriet, in this case was given a life estate, there was coupled with it a power to dispose of the entire estate for her own use, or that of another, at any time during her life, or to pass by her will at her death; and as no greater dominion could have been exercised over it by the devisor if he were living, the fee must necessarily have passed to the wife, and such was the intention of the testator. The argument certainly strikes one with much force; for if the dominion over the estate is such that it can be used, conveyed, devised or otherwise disposed of by the donee without restriction or limitation, the power over it is as great as any that could have been exercised by the grantor or devisor in whom the title to the estate was originally vested. We perceive, however, no reason why such a power may not be conferred if it appears from a consideration of the whole will that the intention of the testator was not to create a fee in the first taker. The right of absolute dominion and control, with the power to sell or devise, would, unexplained, pass the absolute estate.

In this case the testator proceeds, in the first place, to give to his wife, Harriet, *during her life*, all his estate, real and personal, with the full power to dispose of the whole of it as she pleases. Now, if he had intended to vest the wife with the fee, or to give her the absolute estate, without any limitation, it could have been readily expressed, and there would have been no necessity for carving a life estate out of the fee, and then conferring upon the life tenant the power to pass the fee by deed or will, if she desired to do so. The provision of the will giving the wife this power shows that upon its exercise alone could the wife pass the fee, so as to defeat the objects of the testator's bounty, designated to take the remainder. Such was his plain intention. He described the estate in express terms that the wife was to have, and that was *a life estate;* but as she might need the entire estate, or desire to make some other disposition of it than that I have made, I will vest in you the power to destroy the rights of those in remainder, and you may dispose of the whole of it, but failing to do so, the remainder will pass to those who are named to take at your death. The provisions of the will were plain and easily understood. The testator had placed it within the power of his wife to destroy the devise made to his own kindred, and by will or deed give it to those of her own blood.

The wife must have known the contents of the will, and although living for many years after her husband's death, failed or declined to disturb the devises to his kindred, but left the estate to pass in the precise manner the testator wished. The fact of a life estate

having been carved out for the wife, with a power to appoint or dispose of as she pleases, and if she fails to appoint or dispose of the estate, to pass to others in remainder, negatives the idea that the testator intended to vest in the wife the absolute fee. As said in Burleigh v. Clough, 52 N. H., 267, where a testator gives a life estate, with a general power of appointment of the inheritance, and in case of a failure to appoint, gives the estate to other parties, the latter takes a vested remainder, subject to be defeated by the exercise of the power.

Where an estate is given for life only, though a general power of appointment is annexed, it does not convert the estate into a fee, but the donee takes a life estate, unless there is some manifest general intent to the contrary in the instrument creating the power. (4 Kent, Comm., 319; Pulliam v. Byrd, 2 Strob. Eq., 134; Bentham v. Smith, 34 Am. Dec., 599; Johnson v. Cushing, 15 N. H., 298.)

In 16 Johnson (N. Y.), 587, in the case of Jackson v. Robbins, Chancellor Kent said: "We may lay it down as an incontrovertible rule that where an estate is given to a person generally or indefinitely with a power of disposition, it carries a fee, and the only exception to the rule is, where the testator gives to the first taker an estate for life only by certain and express words, and annexes to it a power of disposal. In that particular and special case the devisee for life will not take an estate in fee, notwithstanding the distinct and naked gift of a power of disposition of the reversion. This distinction is carefully marked and settled in the cases."

In Fairman v. Beal, 14 Ill., 244, the testator devised his farm, describing it, to his wife "during her natural life, to take the issues and profits thereof; at her death she may dispose of it as she pleases." The wife, under this power, conveyed the land to Waddle, the court holding that the wife took a life estate under her husband's will, with the power to dispose of the inheritance, and as the mode of executing the power was not prescribed by the will, the conveyance made by the wife was a rightful execution of the power.

In the case of Glover v. Stillson, 56 Conn., 316, the will contained this provision: "I give, devise and bequeath the residue of my estate, both real and personal, unto my sisters, Polly A. Stillson and Mary A. Stillson, for the term of their natural lives, hereby empowering my sisters to dispose of any portion of my estate, both real and personal, if they should so desire." It was held that the life estate was not enlarged into a fee by the power given to sell.

In Funk v. Eggleston, 92 Ill., 515, the testator devised, after the payment of debts, "two-thirds of my real and personal estate" to his wife "during her life, with full power and authority for her to dispose of the same as she may think proper," by will or otherwise, before her death. The testator then proceeded to dispose of what estate might remain undisposed of by his wife at her death. It was held that the wife had a life estate only, with power of disposition by will or deed.

In the case of Moore v. Webb, 2 B. M., 282, the life tenant had executed the power, and in Ball v. Hancock, 82 Ky., 107, there was no estate for life. In Caleb

v. Field, 9 Dana, 346, the doctrine established in this case is recognized, but is not decisive of the question. We are to arrive at the intention of the testator in interpreting his will by looking to the whole instrument and the objects of his bounty. That his wife was first looked to as the prime object of his care is evident, but in the event she did not wish to appropriate all the estate by making a disposition of it as authorized, he saw proper to provide for others. It seems to us the only question presented in this case is, can a testator, in disposing of his estate by will, create a life estate in one, with remainder to another, and at the same time give to the life tenant the power to defeat the remainder by disposing of the property, by deed or devise, to whomsoever he pleases? It will not be contended that, with a devise of the absolute fee in the first taker, a limitation over can be upheld; but there is no such devise in the will before us, but the testator, with the right to dispose of his property as he sees proper by last will, having complied with the rules of law in its execution, has given to his wife a life estate in all the property he owned, with the right to dispose of it as she may please, but if she fails to do so, the devise over takes the estate.

The testator in this case is particular to name each one of those to take in remainder, making a special devise to each, and in more than one provision of the will is disposing of what his wife may leave of the devised property by reason of her failure to exercise the power given her. We think there is a marked distinction between a power given to one who already has the fee and that given to a life tenant, who may

acquire the fee by the exercise of the power given
him.   In the latter instance, it is the manifest inten-
tion of the testator that the life tenant must acquire
the fee in the mode provided by the will, and if the
power is not executed, those in remainder take the
estate.   In our opinion, therefore, the devisees of the
testator are entitled to the estate, and not the heirs of
the wife.

The judgment is, therefore, reversed, and cause
remanded with directions to sustain the demurrer to
the answer, and for proceedings consistent with this
opinion.