CASE 47—ACTION BY PHILLIP ROTH AND OTHERS AGAINST
SUSANNA BECKER AND OTHERS FOR A CON-
STRUCTION OF THE WILL OF CHARLES ROTH,
DECEASED.—January 29, 1909.

# Becker, &c. v. Roth, &c.
## Two Cases

132    429
132    786

Appeal from Kenton Circuit Court, (Common Law
and Equity Division).

W. McD. SHAW, Judge.

From the judgment Susanna Becker and Herman
Becker and others appeal—Reversed.

Wills—Construction—Devise in Fee—Limitation Over—Validity.—
Where testator devised to his wife a fee-simple estate, a lim-
itation over of such part of the property as should remain un-
disposed of on the contingency of the wife's subsequent mar·
riage or at her death was void as being repugnant to the fee.

FRANK M. TRACY and FREDERICK W. SCHMITZ for appel-
lants.

## CLASSIFICATION UNDER RULE XVII.

1. The court erred in its construction of the will of Charles
Roth. Susanna Roth (Becker) under the will of Charles Roth,
took a fee simple estate unaffected by the provisions of item two
of the will
. The attempted limitation in item two of the will of Charles
Roth, is inconsistent and repugnant to the fee granted, and is
therefore, void. (Clay v. Chenault, 108 Ky. 77; Barth v. Barth,
18 Ky. Law Rep. 840; Dulaney v. Dulaney, 25 Ky. Law Rep. 1662;
Irvin v. Putnam, 98 S. W. 521, 28 Ky. Law Rep. 465; 4 Kent's
Com., Sec. 270; Page on Wills, Sec. 572; Hamil v. Hamil, 109
Ia. 459; McNutt v. McComb, 61 Kan. 25; Moran v. Moran, 143
Mich. 322; Moody v. Walker, 3 Ark. 187; Home v. Lippardt, 70

O. S. 261; King v. Ackerman, 67 U. S.; Kilferer y. Bossett, 146 Mich. 1; Howard v. Corusi, 109 U. S. 725; Bing v. Burrua, 106 Va. 478; State v. Smith, 52 Conn. 557; Tuerk v. Schueler, 71 N. J. L. 331; Beukerl v. Jacoby, 36 Iowa 273; Roth v. Rauchenbusch, 173 Mo. 582; Pickering v. Langdon, 22 Me. 413; State v. Smith, 52 Conn. 557; Combs v. Combs, 67 Md. 11; Jones v. Bacon, 68 Me. 24; Bacon v. Woodward, 78 Mass. 376; Wead v. Gray, 78 Mo. 59; Little v. Giles, 25 Neb. 313; McClellan v. Larcher, 45 N. J. Eq. 17; Helmer v. Shoemaker, 22 Wend. 137; McLean v. McDonald, 2 Barb. 534; Banzer v. Banzer, 32 N. Y. Sup. 266; Re A Will, 7 Ohio N. P. 574; Booker v. Booker, 24 Tenn. 505; Sevier v. Brown, 32 Tenn. 112; Bradley v. Coones, 94 Tenn. 27; Stowell v. Hastings, 59 Vt. 494; Ross v. Ross, 135 Ind. 367; Rona v. Meier, 47 Iowa 607; Rooser v. Slade, 3 Md. Ch. 91; Moore v. Sanders, 15 S. C. 440.)

2. There is a clear distinction between the cases above cited, and those in which an estate for life is granted with power of disposition. (Pedigo v. Botts, 98 S. W. 164; McCullough's Admr. v. Anderson, 90 Ky. 126; Coates, Exor. v. L. & N. R. R Co., 92 Ky. 263; McAllister v. Brethel, 97 Ky. 1).

A. E. STRICKLETT for appellees.

## CLASSIFICATION OF SUBJECTS PRESENTED AND AUTHORITIES CITED.

1. The intention of a testator is the law of a will.

2. Of two apparently inconsistent provisions of a will, the latter provision must prevail as being the latest expression of testator's intention. (Page on Wills, Sec. 470; Hunt v. Johnson, 10 B. Mon. 342; Howard v. Howard's Ex'or, 4 Bush, 494.)

3. The general intention of the testator must prevail, even though it sets aside some particular part of the will. To effectuate the apparent intention, words, phrases and limitations may be transposed, supplied or rejected. (Peynado v. Peynado, 82 Ky. 5; Pennsylvania Land Co. v. Justi, 28 Ky. Law Rep. 669; Aulick v. Wallace, 12 Bush, 531; and other authorities there cited.)

4. If a grantor or testator, after disposing of an estate, reserves by a subsequent provision to himself or his heirs the fee, and names the contingency upon which it is to revert, he is not disposing of the fee. The express limitation controls the operation of the powers, and prevents it enlarging the estate into fee. (McCullough's Admr. v. Anderson, 90 Ky. 126; McCallister v. Bethel, 97 Ky. 1; Pedigo's Ex'tx v. Botts, 28 Ky. Law Rep. 196.)

5. Subsequent words may reduce a fee previously given to

an estate for life, or during widow-hood. Such tenant may be invested with power of disposition and with the additional power to use so much of the principal as may be necessary to maintain her, but such tenant has no power to give away the estate, or waste it so as to defeat the remainder-man. (Anderson v. Hall's Admr., 80 Ky. 91; Best v. Best, 88 Ky. 569; Martin v. Barnhill, 21 Ky. Law Rep. 1666; Page on Wills, Section 574; McConnell v. Wilcox, 11 Ky. Law Rep. 532; Mudd v. Mullican, &c., 11 Ky. Law Rep. 417.)

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

Charles Roth died in 1895, leaving a last will and testament, which was duly probated by the Kenton county court. At his death he owned a tract of land in Kenton county, which he devised to his wife, Susanna Roth. The question before us on this record is the estate which his wife took under his will. This involves a construction of two items, which are as follows:

"Item 1. I give, devise and bequeath unto my beloved wife, Susanna Roth, all my property, both real and personal, which I now own or may hereafter acquire and die possessed of, subject to the payment of my just debts and funeral expenses, to hold and dispose of the same as her own separate estate.

"Item 2. In case my said wife should die or marry again, before the said property above devised is disposed of, it is my will that one-half of the same go to my legal heirs, and one-half of the same to the legal heirs of my said wife living at the time of her said death or marriage."

It is contended by appellant that by item 1 the testator devised his property in fee to his wife, and that item 2, in so far as it undertook to devise over any property undisposed of by the wife at the time

of her subsequent marriage or death, is void. On the part of appellees, it is insisted that, taking the two items together, the wife took a defeasible fee in one-half of the property undisposed of at the time of her marriage or death, and with absolute fee in the other half. The circuit court, adopted the construction of appellees, and so adjudged. This appeal challenges the correctness of that judgment.

It is obvious that by item 1 the fee-simple estate in the property owned by the testator at his death was given to his wife with unlimited power to hold and dispose of it as her separate estate. This, we think, invested the wife with an estate which could not be divested by any subsequent provisions of the will. In the case of Clay and Others v. Chenault, 108 Ky. 77, 55 S. W. 729, the testator devised 275 acres of land in equal shares to his two sons, giving them the absolute and unlimited power of sale without any provision for reinvestment. This was held to convey the fee-simple title to the sons, and a subsequent limitation over, conditioned upon their dying without issue, was void. The court said: "It seems to us that the decided weight of authority, if, indeed, there be any to the contrary, is to the effect that a will or deed, giving to the vendee or devisee full power to sell and convey, passes the absolute fee, and that any provision or devise over is absolutely void for the reason that it is inconsistent with or repugnant to the fee, and that it is wholly immaterial whether the power to sell or dispose of the property shall have been exercised or not. This view is not at all in conflict with the law which allows a power of appointment to be vested in one who merely owns a life estate in the property." In the case of Irvin v. Putnam (Ky.) 89 S. W. 581, the court said: "The rule is that where an estate is given

in fee, and there is a devise over if it is not disposed
of, the devise over is void. Where a life estate only
is devised, with power of disposition, and there is
a devise over, the rule is different.'' In Dulaney v.
Dulaney, 79 S. W. 195, 25 Ky. Law Rep. 1662, it was
said on the subject in hand: ''This court has in a
number of cases held that an attempted limitation
made upon a fee—that is, a devise over of what may
not have been disposed of by the first taker—is void as
being incompatible with the fee.'' In Barth v. Barth,
38 S. W. 511, 18 Ky. Law Rep. 840, the second item
of the will was as follows: ''I devise and bequeath to
my wife, Sarah Ann Barth, all my property, real and
personal, and choses in action of every description
of which I may be the owner or to which I may be
entitled to at the time of my decease; also any and all
insurance on my life absolutely and forever, with
power to sell or dispose of as she deems proper, and
all the property of whatever kind and description
which remains at her death to be equally divided
among my three sons. * * *'' It was there held that
the widow took a fee-simple estate, and the devise
over to the sons of whatever property remained un-
disposed of at her death was void as being repugnant
to the fee. In Moore v. Webb, 2 B. Mon. 282, it was
said that ''The unqualified right of disposition given
to the widow during her life, as well as at her death,
imports, in our judgment, a devise of the absolute
title to her in fee, and not merely a life estate with a
power of appointment at her death. * * *'' To the
same effect are Pedigo's Ex'x v. Botts, 89 S. W. 164,
28 Ky. Law Rep. 196; McCullough's Adm'r v. Ander-
son, 90 Ky. 126, 13 S. W. 353, 7 L. R. A. 836; Dills v.
Adams, 43 S. W. 680, 19 Ky. Law Rep. 1169; 4 Kent,
Com. *535-536; Howard v. Carusi, 109 U. S. 725, 3

Sup. Ct. 575, 27 L. Ed. 1089; Page on Wills, section 572; Redfield on Wills, 279; Moran v. Moran, 143 Mich. 322, 106 N. W. 206, 5 L. R. A. (N. S.) 323, 114 Am. St. Rep. 648; Moody v. Walker, 3 Ark. 187; Law v. Douglass, 107 Iowa, 608, 78 N. W. 212; Van Horn v. Campbell, 100 N. Y. 287, 3 N. E. 316, 771, 53 Am. Rep. 166.

The cases cited by counsel for appellees as establishing a different rule are not apposite to the case at bar. In all of them the devisee took a life estate with power of disposition, and in this class of cases it has uniformly been held that a devise over of the undisposed of estate is valid. In the case at bar the testator by item 1 of his will devised to his wife the fee-simple estate. The limitation over of such part of the devised property as should remain undisposed of upon the contingency of the wife's subsequent marriage, or at her death, was void as being repugnant to the fee. When a testator devises all the estate he has in property, which is a fee-simple title, there is nothing left for him to devise over. Some time after the death of her husband, Charles Roth, Susanna Roth, his widow, intermarried with Herman Becker, to whom she conveyed a part of the property. This action was insituted by the heirs at law of the husband to recover one-half of the estate. The chancellor held that they were entitled to one-half of it, and set aside the conveyance to Herman Becker by Susanna Becker. We need not set out the details of the litigation further.

The conclusion we have reached renders it necessary that both appeals should be reversed, with directions to set aside the judgments against Susanna Becker and Herman Becker and dismiss the petition, and for such other orders with reference to the judicial sale of the property as may be necessary to restore the

appellants to all their rights in the property, and it is so ordered.

Petition for rehearing by appellee overruled.