## Huerkamp v. Huerkamp, et al.

(Decided October 31, 1911.)

Appeal from Kenton Circuit Court
(C. C. L. & E. Division).

Wills.—Testator devised all his property to his wife "she to have full use and control of same so long as she remains my widow, but in the event she remarries before all of the children become of legal age, whatever of my estate may be left at such time, shall be divided equally between such minor children, the girls to be of age at 18 years, and the boys at 21 years." Held, that the widow .

took a defeasible fee subject to be defeated by her marriage before all the minor children became of legal age as fixed by the testator, and that the words, "she to have full use and control of same so long as she remains my widow," are not sufficient to import a general power of disposition by the exercise of which the widow could convert her estate into a fee simple absolute and vest the purchaser with good title.

O. M. ROGERS for appellant.

RICHARD G. WILLIAMS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Martin Huerkamp, a citizen and resident of Kenton County, Kentucky, died on August 15, 1903, leaving a last will and testament, which, after providing for the payment of his debts, is as follows:

"I give and bequeath to my beloved wife, Katie, all of my property, both real and personal, consisting of my house and lot in Erlanger, Kentucky, also my stocks in the firm of Isaac Faller Sons Co., of Cincinnati, Ohio, and the life insurance policy I hold payable to her, together with all notes I may have uncollected, she to have full use and control of same so long as she remains my widow, but in the event she remarries before all the children become of legal age, whatever of my estate may be left at such time shall be divided equally with such minor children, the girls to be of lawful age at eighteen years, and the boys at twenty-one years."

The testator left surviving him a widow, Katie Huerkamp, the appellant, and the appellees, six infant children whose ages now range from eight to twenty years. The only real property he owned at the time of his death was a house and lot in Erlanger, Kentucky.

Appellant, desiring to sell this property and being uncertain as to her power to convey the fee, brought this action against her six infant children for the purpose of having her husband's will construed. She claims in her petition that the will gives her the unrestricted right to sell and to vest in the purchaser a fee simple title. Appellant is the guardian of her children, and they make their home with her. The court appointed a member of the Kenton County bar the guardian ad litem for the infant defendants. He filed an answer on behalf of the infants, denying that appellant could convey a fee simple

title to the property in question, and affirmatively alleging that she was entitled only to the income therefrom. Upon submission of the case the court adjudged that appellant took only a defeasible fee to the property in question, and that she had the right to sell the property only in the event a sale thereof was necessary for the support and maintenance of herself and children. From the judgment so entered this appeal is prosecuted.

It is insisted by counsel for appellant that the words "she to have full use and control of same so long as she remains my widow," taken in connection with the further provision "whatever of my estate may be left at such time," etc.,indicate clearly the testator's intention to give his wife full power to dispose of the property as she saw fit. There is a class of cases holding that, where property is devised absolutely, with the power of unlimited disposition, and by subsequent parts of the will the testator undertakes to devise over an undisposed remainder of the property, the limitation over is void. Clay and others v. Chenault, 108, Ky. 77; Becker, &c. v. Roth, 132, Ky. 429; Commonwealth v. Stoll's Adm'r., Id. 234. But where a life estate only is devised, with power of disposition, then the limitation over of such of the devised property as should remain undisposed of at the death of the life tenant is valid. McCullough's Adm'r v. Anderson, 90, Ky. 126; Pedigo's Ex'x. v. Botts, &c., 28 Ky. Law Rep. 196. In the latter class of cases the life tenant may convert the property devised into a fee by exercising the power. In the case before us, while the fee is devised to appellant it is subject to be defeated by her marriage before all of her children become of legal age. If, however, she had been given full power of disposition over the property during her widowhood, she might exercise the power during that period and convert the property into a fee. We are of the opinion, however, that the words "she to have full use and control of same so long as she remains my widow" are not sufficient to import a general power of disposition. In other words, the full use and control of the property would not authorize appellant to sell and dispose of it as she might see fit. That being true, she has only a defeasible fee in the estate devised by her husband, and can not now convey to a purchaser the fee simple title thereto.

Judgment affirmed.