## Griffith, et al. v. Deane, et al.

(Decided October 13, 1925.)

Appeal from Daviess Circuit Court.

Wills—Devise Construed as Grant of Life Estate, with Power of Disposition by Will.—A devise, stating that share of a son was to be for life, not to be given away, with power to dispose by will, and repeating that he keep share intact all his life, held to convey a life estate, with power to dispose by will, and on death of son intestate property was to pass as undevised estate of testatrix.

R. MILLER HOLLAND and FLOYD J. LASWELL for appellants.

EARL S. WINTER for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellants, D. Clinton Griffith, et al., by this litigation seek a construction of the will of their ancestor, Belle Weir Griffith, insofar as it relates to the property devised to the plaintiff, D. Clinton Griffith, and they pray for a declaration of the rights of D. Clinton Griffith in the property, and that he be adjudged the owner of the real property described in the petition and entitled to dispose of it at will.

The testatrix was the mother of four or five children at the time of the making of the will and at her death.

She was the owner of both real and personal property. That part of the testamentary paper in contest reads:

> "After my debts are paid and a marker placed at the head of my late husband, Clinton Griffith, and my grave, I will that the property be divided equally between my children with the exception hereinafter set out. . . . The share of my son, Clinton Griffith, I leave to him for life, and he is not to give it away but keep it all his life himself, with power to dispose by will. He can sell for reinvestment, but I wish him to keep it intact himself, all his life. I do this knowing Clint's generosity, and fear he will rob himself to help others."

Appellees insist that appellant, D. Clinton Griffith, took only a life estate with power to dispose by will of the share devised to him. The lower court took this view and adjudged that appellant, D. Clinton Griffith, "take a life estate in the property described in the petition with power to dispose of said property by will, or to sell same at public or private sale for the purpose of reinvestment only . . . ; but if he should die intestate, then all of the property which passed to the said D. Clinton Griffith under the terms of the will of Mrs. Belle Weir Griffith, either in the form described in the petition or in such form as it may take by reinvestment, is property undisposed of under the will of Mrs. Belle W. Griffith and passes by inheritance to the plaintiff, D. Clinton Griffith, and the defendants, Sue Griffith Deane, James Weir Griffith, Anna Rumsey Griffith and Arrie Griffith McGinnis as the only children and heirs at law of the said Mrs. Belle W. Griffith, deceased."

For appellant it is insisted that it was the intention of testatrix to make all of her children equal, and therefore she intended for the remainder, after the death of D. Clinton Griffith, to go to his heirs and not to the heirs of the testatrix; and appellant further contends that the heirs of Mrs. Belle W. Griffith are already ascertained, and the interest of appellees is now vested, subject, however, to be defeated by appellant exercising his power under the testamentary paper to dispose of his share of the estate. In arguing the matter appellant says that the testatrix apparently had but one reason for the special provision in her will regarding her son, D. Clinton Griffith. She says: "I do this knowing Clint's generosity,

and fearing he will rob himself to help others.'' In her anxiety she says the same thing in three different ways. She says that he is not to give it away. She says that he is to ''keep it all his life, himself.'' She says that he is to ''keep it intact himself all his life;'' but there is no sort of indication that it was the purpose of Mrs. Griffith to give less to her son, Clinton, than she gave to her other children. The language in the will providing for an equal division of the property indicates strongly that she meant for each child to ultimately receive the same, and it would be a violation of that intention to affirm the judgment of the circuit court. There is no indication that the testatrix desired her other children to have a remainder interest in the property devised to the plaintiff, D. Clinton Griffith, but, on the contrary, she was anxious that it be preserved for the use of the plaintiff, D. Clinton Griffith.

Reading the whole testamentary paper together we find nothing in it to aid the court in determining exactly what the testatrix meant by the clause copied above except the words employed in the phrase itself. All the balance of the will is devoted to devises to other members of the family and to naming and describing the property disposed of by the paper. Looking, as we must, to the words employed by the testatrix in the devise to appellant, D. Clinton Griffith, we find that she divided her property equally between ''my children with the exceptions hereinafter set out.'' She gave shares of about equal proportion to each of her children, including D. Clinton Griffith, but she limited the use of his share by the following words: ''The share of my son, Clinton Griffith, I leave to him for life and he is not to give it away, but keep it all his life, himself, with power to dispose by will.'' Plainly the testatrix intended her son to have a life estate only. What else could the expression, ''I leave to him for life,'' mean if it does not mean that the testatrix gave him an estate for his life only? She bound him not to give it away and required him ''to keep it all his life, himself.'' Further along in the will it is provided: ''He can sell for reinvestment, but I wish him to keep it intact himself, all his life.'' Nothing could be plainer than that the testatrix intended her son, D. Clinton Griffith, to have merely a life estate in the portion of her real property devised to him. She gave it to him for life ''with power to dispose of by will,'' but forbade him to give it away, or to sell except for reinvestment.

Of course, he may dispose of it by will, and if he does so, that ends the whole controversy; if not, it will pass as undevised estate of the testatrix, Mrs. Belle W. Griffith, after the death of the devisee of the life estate, D. Clinton Griffith.

It seems to the court that the learned chancellor properly construed the will under consideration and that his decree is in accord with well recognized principles applied in the construction of such instruments.

The judgment is, therefore, affirmed.