## Hicks, et al. v. Connor, Administrator, et al.

(Decided October 27, 1925.)

### Appeal from Boone Circuit Court.

1. Wills—When Devise Over of Undisposed-of Remainder is Valid Stated.—Where property is devised absolutely, with power of unlimited disposition, a subsequent provision undertaking to devise over undisposed-of remainder is void; but where a life estate only is devised, with power of disposition, a limitation over of such part of the property as remains undisposed of at death of life tenant is valid.

2. Wills—Limitation Over Will Take Effect, Unless Life Tenant's Power to Convert Life Estate into Fee is Exercised.—Where life tenant is given power to convert life estate into a fee, limitation over will take effect, unless the power is exercised.

3. Wills—Subsequent Language Must be Explicit to Enlarge Previously Granted Life Estate.—Where a life estate has been expressly created, no subsequent language short of plain and explicit terms will be deemed to have enlarged the estate.

4. Wills—Wife's Life Estate Under Will Held Not Enlarged by Sale or Conveyance—"Estate Undisposed of by Her."—Under will by which testator's wife was given a life estate in his property in express terms, with power of disposition for her support and maintenance, and providing that a sale or deed of conveyance made by her should have same effect as if made by testator, with a limitation over of any "estate undisposed of by her," held, that wife's estate was not enlarged by sale or conveyance of testator's estate, and, having reinvested proceeds in other property that remained intact at time of her death, it was "estate undisposed of by her," and passed under limitation as original property would have done, had there been no sale or conveyance.

DICKERSON & DICKERSON and CHARLES STROTHER for appellants.

JOHN B. O'NEAL for appellees.

Opinion of the Court by Judge Clay—Affirming.

The question is whether the proceeds of certain property devised to Ada Newmarch, formerly Ada Rouse, by her husband, passed on her death to her heirs or to the trustees of the Lutheran Church of Hebron under her husband's will. The claim of the heirs was denied by the chancellor on the ground that Mrs. Newmarch did not take a fee under her husband's will, and they have appealed.

The material portions of the will are as follows:

"I will, devise and bequeath to my beloved wife, Ada Rouse, for and during the term of her natural life, all of my estate, real and personal, wherever lying or situated.

"I will and bequeath to my nephew, Luther Rouse, son of my brother, E. I. Rouse, the sum of $200.00, and to Eva Gatje, Alma Gatje, Stella Gatje, Georgia Tupman, Lizzie May McGlasson and Jesse Cloud each the sum of $100.00, but none of the bequests set out in this item are to be paid until after the death of my wife unless she shall elect and choose to pay all of same out of my estate during her life."

"Subject only to the bequests set out in item 3 of this will, I hereby invest my said wife with power

to dispose of such part of my estate during her life as may be necessary to provide means for her comfortable maintenance and to that end (she being the sole judge of such necessity) any sale of personal property or deed of conveyance made by her to any of my estate shall pass all title thereto as though made by me.

"And if my said wife shall elect to pay all the bequests set out in item 3 of this will during her life, then her power of disposition over all the rest and residue of my estate for her comfortable support and maintenance shall be complete.

"After the death of my said wife, if there remains any of my estate undisposed of by her, I direct that the Boone county court appoint some intelligent, upright man administrator *de bonis non* with this will annexed of my said estate and I hereby authorize and direct such appointee to sell and by proper deed convey all of my real estate and pass title thereto as I might do if then living, and after said administrator shall have converted all of my real estate into money or its equivalent he shall pay these specific bequests set out in item 3 above (if same shall not have been paid by my wife during her life) and all the rest and residue of my estate coming into the hands of said administrator (cost of said administration excepted) I hereby will and bequeath to Hebron Lutheran Church, and I direct that same be kept at interest and secured by mortgage on real estate not less than double the amount loaned, and only the income or interest to be used by said church, and the principal to remain a perpetual endowment.

"I hereby nominate and appoint my said wife, Ada Rouse, executrix of the will and request that she be permitted to qualify without bond."

The rules governing a case like this may be summarized as follows:

(1) Where property is devised absolutely with power of unlimited disposition, a subsequent provision undertaking to devise over the undisposed of remainder, is void; but where a life estate only is devised with power of disposition, a limitation over of such part of the property as remains undisposed of at the death of the life tenant is valid. Nelson et al. v. Nelson's Executors, 140

Ky. 410, 131 S. W. 187; Trustees Presbyterian Church, Somerset v. Mize, 181 Ky. 567, 205 S. W. 674.

(2) Where the life tenant is given the power to convert the life estate into a fee, the limitation over will take effect unless the power is exercised. McCullough's Admr. v. Anderson, 90 Ky. 126, 13 S. W. 353; O'Bryan v. England, 173 Ky. 12, 189 S. W. 1126.

(3) Where a life estate has been expressly created, no subsequent language, short of plain or explicit terms, will be deemed to have enlarged the estate. Wright v. Singleton, 190 Ky. 657, 228 S. W. 38.

With these rules in mind, let us examine the language of the will. In the first place the testator devises all of his estate to his wife "for and during the term of her natural life." He then invests her with the power, subject only to the bequests in item 3, to dispose of such part of his estate during her life as may be necessary to provide means for her comfortable maintenance, and makes her the sole judge of such necessity. He then adds that any sale of personal property or deed of conveyance made by her to any of his estate shall pass all title thereto as if made by him. He then goes further and provides that if his wife elects to pay all the bequests then her power of disposition over the rest and residue of the estate "for her comfortable support and maintenance" shall be complete. Following these provisions is the further provision that any of his estate undisposed of by his wife shall, after the payment of the bequests in item 3 and the costs of administration, go to the Hebron Lutheran Church. Here, then, we have a case where the wife is given a life estate in express terms. Coupled with the estate is the general power of disposition for her comfortable support and maintenance. The testator having made her the sole judge of the necessity of a sale for that purpose and having further provided that a sale or deed of conveyance made by her should have the same effect as if made by him, the result is that a sale or conveyance by her would convert the estate into a fee so far as the purchasers were concerned. However, the wife's estate was not enlarged by the sale or conveyance, but the proceeds still remained subject to the provisions of the will. Had she consumed the proceeds for her comfortable support and maintenance she would have converted her estate into a fee to that extent, and have thereby defeated the limitation over. However,

she did not do this, but reinvested the proceeds in other property that remained intact at the time of her death. That being true, it was "estate undisposed of by her," and passed under the will to the trustees of the Lutheran Church of Hebron, just as the original property would have done had there been no sale or conveyance. Sutton v. Johnson, 127 S. W. 747. As the chancellor reached the same conclusion, it follows that the judgment was proper.

Judgment affirmed.