## Struck, et al. v. Lilly, et al.

(Decided February 18, 1927.)

(Rehearing Denied, with Modification, May 6, 1927.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Wills.—Under will authorizing wife of deceased to sell and dispose of property as she may think proper, and providing for disposition of property not so disposed of at wife's death, held that testator's intention was to restrict power of disposition to transfers or conveyances inter vivos, and not to bestow on wife right of testamentary disposition.

2. Wills.—Where will authorized wife to sell and dispose of property and provided for disposition of all property not disposed of by wife at her death, property purchased by wife with proceeds of sale of real estate owned by testator at time of death constitutes property of estate· undisposed of by widow, and consequently passes under will.

BARRET & NETTELROTH, W. T. McNALLY, CHAS. REISCH and W. W. THUM for appellants.

LAWRENCE J. MACKEY for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This appeal involves the construction of the will of Frank Struck, who died in 1885, a resident of Jefferson county, Ky. The second clause of his will is as follows:

> "I give and devise to my beloved wife, Lena Struck, all of my property which I may die seized and possessed of at the time of my death both real and personal and mixed, wherever situated, during her natural life, to sell and dispose of the same as she may see proper, and after the death of my wife, I give and devise all of my property, both real, personal and mixed, which has not been disposed of by my wife at her death, to my children share and share alike."

Lena Struck sold some of the real estate owned by her husband at the time of his death and invested the proceeds in a house and lot in Louisville, Ky. She died in 1925, leaving a will by which she devised this house and lot to her daughter, Lucy Struck Lilly, "in consideration for the goodness and kindness she has always shown me since the death of my husband, her father." The remainder of the real estate she devised to her other heirs at law, share and share alike.

The appellants, who were the plaintiffs below, by the first paragraph of their petition, sought a sale of two parcels of real property which they claimed they owned jointly, as devisees, under the will of Frank Struck, with the appellee, Lucy Struck Lilly, who was a defendant below. In the second paragraph of their petition they alleged that all the assets reported by the executor named in the will of Lucy Struck, and all the assets left by Lucy Struck at her death, were assets obtained by her from her husband's estate under his will, or had been procured with proceeds of assets left at his death and converted into their present shape, and they asked that these assets be distributed and disposed of in accordance with the will of Frank Struck. A demurrer to paragraph one was sustained, and overruled as to paragraph two.

Appellants contend that the real estate which had been purchased by Lena Struck, with the proceeds of the sale of other real property that had been owned by Frank Struck, passed, under his will, to his children as remain-

dermen, and that Lena Struck was not authorized by the second clause of his will to dispose of the property by will. On the other hand, appellees contend the power of sale and disposition, given to Lena Struck by her husband's will, was absolute, and that she might dispose of his real estate either by deed or will, and that the exercise of that power, whether by deed or will, had the effect of cutting off the interest of the remaindermen not only in the property thus disposed of, but also in the proceeds of the sale thereof, so that property acquired by Lena Struck with means realized from such sale became hers absolutely.

The first question to be determined is whether the power, given to Lena Struck to dispose of the property devised to her by her husband, includes the power to dispose of it by will.

The chancellor found that the will of Frank Struck did not restrict the power of disposition to transfers or conveyances *inter vivos*, but that the power to sell and dispose of the property included the power to dispose of it by will, and that the property devised by Lena Struck's will was disposed of "at her death," within the meaning of Frank Struck's will. The finding of the chancellor seems to have been made on the authority of Knost v. Knost, 178 Ky. 267, 198 S. W. 917, and Sherill v. Ouerbacker, 182 Ky. 626, 206 S. W. 876. In Knost v. Knost this court held that a power given a life tenant to "sell and convey" did not give power to devise, but, in the course of the opinion, it was said:

> "If, in conferring the power of disposition, the will had declared that the widow might sell and convey or otherwise dispose of the estate devised her, such language would, we think, as clearly have authorized her to dispose of it by will as if it had expressly so declared."

The sentence quoted was not necessary to the decision of the Knost case, but, in explaining under what circumstances the power to devise might be inferred from the terms of the will, the words, "or otherwise dispose of," were intended to be used in a distinct sense from "sell and convey" and to include all methods of disposition other than those specifically named.

In Sherill v. Ouerbacker there was a devise of a life estate with power of disposition, the power being expressed in these words:

"With full power to use, hold, employ and dispose of my entire estate, real, personal and mixed, as to her may seem right and proper."

It was held in that case that the life tenant could dispose of the property by her will. It will be noted that the word "sell" was not used among the words describing the extent of the power conferred by the will in the Sherill case. In the course of the opinion, the following was quoted from the opinion in Phelps v. Harris, 101 U. S. 370, 25 L. Ed. 855:

"The expression 'to dispose of' is very broad, and signifies more than 'to sell.' Selling is but one mode of disposing of property. . . . Now, whilst it may be true that when the words 'disposed of' are used in connection with the word 'sell,' in the phrase 'to sell and dispose of,' they may often be construed to mean a disposal by sale; it does not necessarily follow that when power is given generally, and without qualification by associated words, to dispose of property, leaving the mode of disposition to the discretion of the agent, that the power should not extend to a disposal by barter or exchange, as well as to a disposal by sale. The word is nomen generalissimum, and standing by itself, without qualification, has no technical significance."

In Baumgras v. Baumgras, 5 Misc. Rep. 8, 24 N. Y. S. 767, certain property was devised to the testator's widow, the language used being:

" 'All my real and personal property, to be by her owned and enjoyed the same as if I had never owned it, during her lifetime, and after her death whatever may be left is to be divided among my eight children in equal parts."

It was held that the widow took an estate for life, with a power of disposition. But, in speaking of her power to dispose of the property by will, the court said:

"It is clear that it was not the intention of the testator to confer upon his wife the fee in the land, giving her the power to dispose of it by will to any

object of her bounty, and thus, possibly, cut off the children, or some of them, from their share of a possible or probable remainder.''

In the Sherill case, *supra*, the expression ''dispose of'' was used alone and not associated with any qualifying words, and as thus used it was held broad enough to include disposition by will. In the Struck will, however, the expression used is ''sell and dispose of'' and a careful reading of the entire clause of the will, in which the expression occurs, convinces us that it was the testator's intention to restrict the power of disposition to transfers or conveyances *inter vivos*, and not to bestow upon his wife the right of testamentary disposition. It was his intention that the property devised to his wife should be at her absolute disposal to sell and transfer during her lifetime, and that any conveyance by her should pass the fee to the purchaser, but at her death any property undisposed of in the manner provided should go to his children. Lanciscus v. The Louisville Trust Co., Exo'r, 201 Ky. 222, 256 S. W. 424; Coats' Ex'r v. L. & N. R. Co., 92 Ky. 263, 17 S. W. 564, 13 Ky. Law Rep. 557; Cochran v. Groover, 156 Ga. 323, 118 S. E. 865; Vincent v. Rix, 127 Misc. Rep. 639, 217 N. Y. S. 393.

The property, described in the petition, that had been purchased with the proceeds of the sale of real estate owned by Frank Struck at the time of his death, is property of Frank Struck's estate undisposed of by his widow, and consequently passes under his will. Hicks v. Connor, 210 Ky. 773, 276 S. W. 844; Sutton v. Johnson (Ky.) 127 S. W. 747; In re Rumsey's Estate (Pa.) 135 A. 119.

Wherefore the judgment is reversed with directions to overrule the demurrer to paragraph 1 of the petition.