## Davis' Administrator et al. v. Bottoms et al.

(Decided March 5, 1935.)

O. B. BERTRAM and B. A. RICE for appellants.

H. S. ROBINSON, W. M. JACKSON and FRED FAULKNER for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The will of James R. Davis is presented for construction. Its first clause directs the payments of his debts and the cost of a monument to be erected at his grave. The second reads:

"Subject to the restrictions and limitations, contained in this and all other items of this will, I give and bequeath to my beloved wife, Jennie B. Davis, all of my property and estate both real and personal for and during her natural life with the right and authority to sell, convey, dispose of, use, and in all other respects to do with same as she pleases, except that she is not to sell the farms hereinafter devised to Fred S. Gray and James Gray."

The third clause devises to Fred S. Gray certain lands, subject to the life estate of Jenny B. Davis. The fourth devises to James Gray the land therein described. The fifth is in this language:

"Subject to the foregoing bequest and provisions

contained in this will all of my property and estate both real and personal, if any, that shall remain undisposed of upon the death of my said wife I give and bequeath to the children of Charles E. Bottoms, Thomas Bottoms, and his two sons, Oscar Bottoms and Kirt Bottoms, and Fred S. Gray or to such of them as shall be living to be equally divided among them share and share alike.''

The sixth and seventh contain general provisions. The eighth nominates his wife executrix of the will and provides, in the event of her death before the settlement of the estate as directed in the will, that Fred Gray be appointed executor.

Jenny B. Davis executed and published a will wherein she devised to James Gray ''her estate, real, personal and mixed.'' After her death it was probated in the county of her residence, by proper order of the county court. After the death of Jenny B. Davis, James Gray was appointed executor of the will of James R. Davis. This action was instituted by the devisees named in clause 5 of the will of James R. Davis against James Gray, executor, and others, to settle the estate of James R. Davis.

In his answer James Gray sets up the will of Jenny B. Davis and asserts thereunder title to the entire estate of James R. Davis. It is his contention that Jenny B. Davis by clause 2 of the will of James R. Davis was given the power to dispose of by will the estate of James R. Davis, and that he is, under the provisions of her will, the owner of the estate of James R. Davis.

It was the opinion of the trial court that the will of James R. Davis did not confer upon or vest in Jenny B. Davis the power or right to dispose of by will the estate of James R. Davis. James Gray is here insisting that the will of James R. Davis conferred upon Jenny B. Davis ''the unlimited power of disposition, not only by conveyance, inter vivos, but also the power to dispose of by will,'' if she chose, and that the effect of her will is a disposition of the estate of James R. Davis.

To sustain this contention they cite to us Griffith et al. v. Deane et al., 210 Ky. 551, 276 S. W. 514; Levy's Ex'x v. Leeds, 151 Ky. 56, 151 S. W. 1, 2; Sherill v.

Ouerbacker, 182 Ky. 626, 206 S. W. 876; De Chartree v. St. Matthews Bank & Trust Co., 214 Ky. 626, 283 S. W. 410, 50 A. L. R. 34; Kleber v. Kleber et al., 67 S. W. 838, 24 Ky. Law Rep. 7; and Forsythe v. Forsythe, 108 Pa. 129.

In Griffith v. Deane, the power to dispose of by will was expressly conferred upon the devisee.

In Kleber v. Kleber, the testator devised to his wife all of his estate, "wherever situated to do with as she pleases, provided she does not marry again." If she married again it directed that "she should have only the legal third part." It was ruled, she not having married after the death of the testator, had the undoubted right to dispose of the property by will.

In Levy's Ex'x v. Leeds, the will devised all of the testator's estate to his wife "for and during her life, with full and complete power and authority to her, to sell, dispose of, convey, invest and reinvest the same, or any part thereof," etc. The widow with two of her children joined in a deed conveying certain houses and lots for the consideration of $12,000. The purchaser subsequently arrived at the conclusion that the will did not give the widow, as executor of the will, the right or power to sell or convey the same, without the husband of one of the children executing it with his wife. And it was for the settlement of this question the action was instituted. It was ruled that the widow in her individual right and as executor was vested by the will with complete power to sell and convey the property and that her deed alone was sufficient to convey a fee simple title.

In Sherill v. Ouerbacker, the wife was devised the entire estate "to have and to hold the same with full power to use, hold, employ and dispose of * * * as to her may seem right and proper." It should be noted that the testator did not devise to his wife an estate for life, but in fee, "to have and to hold the same with full power," etc.

A casual reading of the wills involved in the cases supra is sufficient to enable the reader to observe that either the fee was devised or the power to dispose of by will was expressly conferred by a provision of the wills therein involved, which clearly distinguishes them from the present one.

The excepted rule is that where an estate is given

in fee a devise over of what is left and not disposed of by the first devisee is void. Irvine v. Putnam, 89 S. W. 520, 28 Ky. Law Rep. 465; Watkins' Adm'r v. Watkins' Ex'rs (Ky.) 120 S. W. 341; Angel v. Wood, 153 Ky. 195, 154 S. W. 1103; Sisson v. Sisson, 208 Ky. 843, 272 S. W. 15; Becker v. Roth, 132 Ky. 429, 115 S. W. 761; Huerkamp v. Huerkamp, 145 Ky. 194, 140 S. W. 182; Wintuska v. Peart, 237 Ky. 666, 36 S. W. (2d) 50. Where, however, a life estate is devised with power of disposition, a devise over of that part of the estate which is not disposed of is valid. Irvine v. Putnam and Becker v. Roth, supra. The validity of a limitation over depends upon whether the devisee takes the fee or life estate, and where the language of the will, itself, does not expressly devise a life estate and the question arises did the devisees take a fee or life estate, one test is whether he was given unlimited power of disposition. Wintuska v. Peart, supra.

As to whether Jenny B. Davis was devised a fee or life estate is not left to a construction of the will, since it expressly gave her a life estate.

The language of the will involved is almost identical with the will reviewed and construed in Struck et al. v. Lilly et al., 219 Ky. 604, 293 S. W. 153. It was our conclusion that the Struck will restricted the power of disposition of the devisee to transfers or conveyances, inter vivos, and that the testator's estate not so disposed of by his widow passed under it. The Struck will and the one in the present case are so near identical we adopt our construction of the former as conclusive here. To the same effect, see Hicks v. Connor, 210 Ky. 773, 276 S. W. 844; Shaver v. Ellis, 226 Ky. 806, 11 S. W. (2d) 949; Sutton v. Johnson (Ky.) 127 S. W. 747; Greenway v. Irvine, 235 Ky. 363, 21 S. W. (2d) 606; Wintuska v. Peart, supra.

The judgment of the chancellor being in conformity with our views, it is affirmed.