## Wetstein's Ex'r v. Shannon et al.

May 21, 1946.

Kreiger & Huffaker for appellant.

Bullitt & Middleton, W. W. Downing, Davis W. Edwards, and L. Edmund Huber for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal involves the construction of Edward F. Wetstein's will, the pertinent parts of which are as follows:

"Second: I give, devise and bequeath all of my estate, real, personal and mixed and wheresoever situated to my beloved wife, Amelia K. Wetstein, for and during her natural life.

"Fourth: After the death of my beloved wife, Amelia K. Wetstein, I give, devise and bequeath to the German Methodist Deaconess Home and Hospital, located in Louisville, Kentucky, the sum of Three Thousand ($3000.00) Dollars; and under the same conditions, should the following named parties be living, I give to them respectively the following sums:

"To my niece, Mamie Fink, Three Thousand ($3000.00) Dollars.

"To my brother, George Wetstein, Fifteen Hundred ($1500.00) Dollars.

"To my sister, Hattie S. Peters, Five Thousand ($5000.00) Dollars.

"To my brother, Wm. J. Wetstein, Three Thousand ($3000.00) Dollars.

"To each of my nephews and nieces the sum of Five Hundred ($500.00) Dollars each.

"To each of the nephews and nieces of my wife, the sum of Three Hundred ($300.00) Dollars each. To Mrs. C. E. Sears of Jefferson County, Kentucky, the sum of Three Hundred ($300.00) Dollars. To Regina Walters, of Jefferson County, Kentucky, the sum of Three Hundred ($300.00) Dollars.

"Fifth: If the income from my estate should not be sufficient for the support and maintenance of my beloved wife, Amelia K. Wetstein, then she shall have the right and authority to use all or any part of the principal of my estate both real and personal, for her support and maintenance, and she shall have the right and power to sell all or any part of my real estate and shall have the right to execute any deed or deeds therefor, and any deed or deeds executed by my wife shall pass a good fee simple title to any property conveyed by her, and no purchaser or purchasers thereof need look to the applica-

tion of the purchase money, and she shall be the sole judge as to whether or not it is necessary for her to sell any of my estate, real or personal, for her support and maintenance.

"Sixth: After the death of my wife, if there should not be sufficient of my estate left to pay the above bequests and devises in full, then I direct the above bequests and devises in full, then I direct that said devises and bequests shall be reduced pro rata according to their respective amounts.

"Seventh: After the death of my wife, all the rest and residue of my estate after the payment of the above devises and bequests shall be divided equally among those persons who according to the present Statutes of Descent in Kentucky would be my heirs at law, unless my wife shall have disposed of said estate, which she is fully authorized to do."

The principal question is whether Mrs. Wetstein was given a life estate only, with power to encroach upon the corpus for her support and maintenance, or whether she was given an additional power to dispose of by will the residue of Mr. Wetstein's estate, which she attempted to do.

To determine this question we invoke the cardinal rule followed by this Court in the construction of wills; namely, to consider the will from its four corners in order to ascertain the intention of the testator. Berner v. Luckett, 299 Ky. 744, 186 S. W. 2d 905; Donelson's Ex'r v. Coates, 299 Ky. 608, 186 S. W. 2d 420.

Considering all the clauses of this will as integral and necessary parts of the whole and their relation to each other, we are of the opinion that the testator devised by clause 2 a life estate to his wife and by clause 5 gave her the absolute power to use and sell during her life all or any part of the estate for her support and maintenance. Having thereby amply provided for her security, he directed by clauses 3 and 4 that certain definite gifts be made after her death. Realizing the extent of authority given his wife under clause 5, he made provision by clause 6 to prorate these gifts in the event of insufficient funds at her death to pay them in full, and by clause 7 he directed the disposition to be made of any amount remaining after payment of the bequests. Such a plan of disposition is natural, sensible and reasonable.

The appellant contends that the last phrase of clause 7, "unless my wife shall have disposed of said estate, which she is fully authorized to do," invested in the wife the power of testamentary disposition of the residue. It contends also that the initial part of clause 7, devising the residue to the testator's heirs at law, was inserted as an alternate means of disposition in the event his wife did not exercise her alleged power. This argument is based on the technical meaning of the word "disposed." Reliance is placed on the case of Sherill v. Ouerbacker, 182 Ky. 626, 206 S. W. 876, and cases cited therein. We think, however, that the phrase in clause 7 had reference to the method of disposal set out in paragraph 5 and was inserted to leave no doubt that Mrs. Wetstein could use or sell all or any part of the estate during her life for her support and maintenance.

While we agree that the word "disposed," not connected nor related with words of limitation, is all-inclusive, yet, when used as here, in connection with other clauses of the will which definitely limit the wife's interest to a life estate with power to encroach upon the corpus, the word itself does not defeat its limitation. The word need not, in our opinion, be in the same clause or sentence with the limiting words or clauses, in order to be restricted.

The Sherill Case, supra, and the cases cited therein, involved the difficult question of the character of the estate given and it was necessary to determine the meaning of the word "disposed" in order to decide the issue. Here there is no question but that a life estate with power to sell and use was given. It is necessary to determine only whether the phrase using "disposed" is to be isolated and considered separate and apart from the rest of the will in order to give it the meaning for which the appellant contends, or whether it "fits in," relates to, and is limited by the rest of the will. We take the latter view, as we did in Davis' Adm'r v. Bottoms, 258 Ky. 228, 79 S. W. 2d 963; Struck v. Lilly, 219 Ky. 604, 293 S. W. 153.

The second question is whether the bequests to named individuals in clause 4 vested at the death of the testator, or were contingent upon the beneficiaries outliving the life tenant. Hattie S. Peters predeceased the life tenant; nevertheless, the appellee, Henrietta Wat-

kins, only child of Mrs. Peters, contends that at the death of the testator the gift vested in her mother and upon the death of the life tenant, her mother being dead, the gift survived to her. We can not see how the language of the testator could be made any clearer as to his intent. It reads, "After the death of my beloved wife * * * should the following named parties be living * * * I give * * * to my sister, Hattie S. Peters, Five Thousand ($5000.00) Dollars." The right of Mrs. Peters to take was made dependent wholly upon whether she was living at the death of Mrs. Wetstein. As was said in Sledd v. Rickman, 192 Ky. 823, 234 S. W. 610, 611, in deciding this same question, to hold otherwise would be doing "extreme violence to the plain language used." Here we believe the gift was personal to Mrs. Peters and no other person, and was contingent upon her outliving Mrs. Wetstein.

Judgment affirmed.