CASE 87—PETITION EQUITY—MAY 16.

# Best v. Best, &c.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

DEVISE TO WIDOW FOR LIFE WITH POWER TO SELL FOR SUPPORT OF HER-
SELF AND CHILDREN.—A testator devised all his estate to his wife,
"to be managed by her as she may wish," with the provision that if
she should marry again she should give security for the purpose of
protecting the testator's children, and should she remain unmarried
all the property at her death to be divided between the children.
And lastly he appointed his wife executrix, with the request that she
be permitted to qualify without giving security. *Held*—That the
widow takes an estate for life or during her widowhood, with power
to sell and dispose of all or any part of both the real and personal
property that she may deem necessary for the support of herself and
children; and while she might have sold the real estate and passed a
good title without the interposition of the court, yet having sought
the aid of the Chancellor, he had jurisdiction in the interest of the
infant children to prevent an injudicious re-investment or waste of
the proceeds, though no power to prevent a sale by her in person or
under order of court.

NEWTON G. ROGERS FOR APPELLANT.

1. The will gives appellant an estate in fee simple. (Schouler on Wills,
   p. 469; Percy v. Greenwell, 80 Ky., 616.)
       The case of Anderson v. Hall, 80 Ky., 91, does not militate against
   this view.
2. Even if appellant does not take the fee, the will certainly gives her the
   power to dispose of the property and pass a title to it. (Bulfer v.
   Willigrod, 33 N. W. Rep., 136; Moore v. Webb, 2 B. M., 282.)
3. The Chancellor should in any event have ordered a sale of the property
   for re-investment.

CHARLES G. HULSEWEDE FOR APPELLEES.

       The widow takes only a life estate under the will, remainder to the
   testator's children. (Smith v. Bell, 6 Peters, U. S. Sup. Ct., p. 29.)

CHIEF-JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

That portion of the will of Christian Best, deceased,
which it is necessary to construe in order to determine

the rights and power under it of Caroline Best, widow and executrix, is as follows :

Clause 2. After the payment of all my just debts and funeral expenses, the personal property remaining on hand, including the fixtures of my shop and the real estate I now have on hand, situated on Fifth street, between Main and Market streets, and now occupied by Theodore Garnier, I give and bequeath to my beloved wife Caroline.

3. I desire that all the property, real and personal and mixed, be under the control and desire of my said wife, and to be managed by her as she may wish.

4. Should my wife inter-marry, then I desire that she may give security for all property remaining on hand for the purpose of protecting my children, and should she remain unmarried, at her death I desire that all the property remaining be divided equally with my children Amelia, Mary C., Josephine, Charlotte L., Emma F., and Elizabeth Louisa Best, share and share alike.

5. And lastly, I do hereby appoint my beloved wife Caroline as executor of this my last will and testament, and desire that the honorable judge of the Jefferson County Court permit her to qualify as such without giving security.

Considering the second clause above, we would have to say Caroline Best takes under the will the absolute estate in all the property left by the testator, subject to the rights of creditors. But the language of the third and fourth clauses so far qualifies the preceding one as to make it, according to the evident intention of the testator, an estate for life or during her widowhood. Yet it

is equally manifest he intended and did give her power to sell and dispose of all or any part of both the real and personal property that she might deem necessary for the support of herself and the six children, all of whom were at the date of the will, 1879, infants, only two of them even now being of full age. For to place the property under her control and desire, to be managed as she might wish, without security as executrix, or any security at all except in case of her marriage, and only what might be remaining at her marriage or death to go to the children, is equivalent to giving her the power to sell and dispose of it for the benefit and support of herself, while a widow, and the children, and such the language used shows was the intention of the testator. And as confirmation of the correctness of that view, almost the entire estate left by the testator consisted of a house and lot situated in the business part of the city of Louisville, the amount of personalty being so small as that it was soon exhausted, and the children have been therefore dependent for support upon the exertions of their mother, and rents from the house and lot. This condition of his wife and children must have been understood and contemplated, and hence he made provision in his will for a sale of the house and lot by his widow whenever, during her widowhood, she might think it necessary for the proper support and protection of herself and children.

In our opinion she might have sold the house and lot and passed a good title without the interposition of the court. But having sought the aid and advice of the Chancellor, he had jurisdiction in the interest of the infants to prevent an injudicious re-investment or waste

of the proceeds of sale of the house and lot, though no power to prevent a sale by her in person, or under order of court. We therefore think the judgment appealed from is erroneous to the extent it is thereby decided she has no power to sell and in dismissing the action, and is reversed for proceedings consistent with this opinion.