## Goss, et al. v. Withers, et al.

(Decided March 18, 1913.)

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Wills—Construction of—Life Estates with Power of Sale.—Where a testator devised real estate to his widow for life, with power to manage, sell and convey, a sale and conveyance of such real estate by the widow, having capacity to contract, invests the purchaser with the title thereto of the testator.

JOHN C. STROTHER, EUGENE HUBBARD for appellants.

THUM & ROY for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Elias R. Withers died in 1883, the owner of a farm in Jefferson County, Kentucky. He left surviving him a widow, Mary Jane, and three children, Katie H., who intermarried with one Goss, Clarence J., and Florence G. Florence G. died leaving no children. Katie H. has two children, Pauline and Irma. He left a will and codicil thereto, which were duly probated, as follows:

"I, Elias R. Withers, of the county of Jefferson, and State of Kentucky, do make this my will.

"I hereby constitute and appoint my wife, Mary Jane, executrix of this will and request the county court not to require security of her; I also appoint her guardian of my children. I authorize and direct my wife to carry on and manage all my estate of every kind and description as she may deem best for herself and my children, and to enable her to do so, I devise same to her during her life. For such management she is not to be liable or responsible to my children, and to enable her to manage it, I give her full and absolute power to rent or sell all or any of my property and convey the same and receive the rents or purchase money, and any and all deeds she may make shall invest the purchaser or purchasers with the full title to the property sold and her receipt shall acquit the purchaser or tenant fully of the money paid. At her death, all of my estate unsold by her or that acquired by the proceeds thereof, I give and devise to my children in fee simple, and in case of the death of any of them leaving children, the latter to take the parent's part.

"In witness whereof, I hereunto set my hand this 23rd day of September, 1865.

"Elias R. Withers."

Codicil:

"I make this codicil to the foregoing will, instead as therein provided, of my estate unsold at the death of my wife, or that acquired by the proceeds thereof going to my children in fee simple, I desire the same shall go to my two daughters, Florence G. and Katie H., and their issue or the survivor of my said daughters or their issue to take it if one dies without issue, the survivor and her issue to take. The words 'of my said daughters' interlined before signing.

"In witness whereof, I hereto set my hand this 20th day of February, 1866.

"Elias R. Withers."

In due time, his widow qualified as executrix under said will. Sometime prior to her death, in 1903, she sold and conveyed said farm to her son, Clarence J. Withers. Conceiving that this conveyance was void, the guardian of the infant children of Katie H. Goss sued Clarence and their mother, Katie H. Goss, and sought to have said Clarence J. Withers enjoined from selling or disposing of said land, and also to have the will of their grandfather so construed as to award them the fee to said property, subject to the life estate of their mother therein. It appears in brief of counsel that their mother had sold any interest she might have in this land to their uncle, Clarence, during the life of their grandmother. A demurrer was heard and sustained to the petition. Plaintiffs appeal.

It is insisted by Clarence J. Withers that the ruling of the chancellor is necessarily correct, because the appellants took no interest whatever in the property in question under and by virtue of the said will of their grandfather. It seems to us that a disposition of a primary question obviates the necessity of passing upon that point.

Under the will, the widow took a life estate, coupled with an absolute and unlimited power of sale. The will gives her this right, and the codicil in no wise modifies or limits it. The language is plain, unambiguous, and not susceptible of but one meaning. "I give her full and absolute power to * * * sell all or any of my property and convey the same and receive the * * * purchase money," left with the executrix the power to determine for herself whether or not she would sell the property, or any part thereof, and when and to whom. The language used in the codicil accentuates this idea, for he disposes of "my estate unsold at the death of my wife." Thus clearly recognizing that he had conferred upon her the power to sell, and he was not in the codicil attempting to revoke or modify the power of sale so given. Again, for the purpose of enabling his wife to dispose of the property whenever she desired, he provides, "any and all deeds she may make shall invest the purchaser or purchasers with the full title to the property sold," and, finally, to give assurance and confidence to would-be purchasers, in dealing with his wife, provides, "and her receipts shall acquit the purchaser * * of the money paid." Having been given the absolute

power of sale, we are concerned with but one question, did she exercise it? It is conceded that she did. It is immaterial what induced her to sell. So long as she was competent to contract, her acts are valid and binding. It is not alleged that, when she made the conveyance, she was not competent to transact business. Hence, her deed passed to her vendee such title to said property as her husband had.

If appellants took an interest, under said will, which is not decided, it was only in such land as was not sold by the widow under the power of sale therein given her, and as all of the land in controversy was so sold by her, they take nothing. Their right, if they had any, was not absolute, but dependent upon the failure of the widow to exercise the express authority given her to sell. If she had not exercised this right and sold the land, the question of who would take under said will might profitably be considered, but, as that condition does not exist, it becomes unnecessary.

The validity of sales by life tenants, under wills empowering such sale, has been many times passed upon by this court, and it may be considered as settled that such sales are valid and invest the purchasers with the title of the testator. Among the cases so holding may be cited the following: Holsen v. Rockhouse, 83 Ky., 233; Best v. Best, 88 Ky., 569; McCullough v. Anderson, 90 Ky., 126; Quisenberry v. Hunt, 1 Rep., 341; Paxon v. Bond, 12 Rep., 949; Pedigo's Extx. v. Botts, 28 Rep., 196; Hosman v. Willett, 32 Rep., 906; Sutton v. Johnson, 127 S. W., 747.

The chancellor correctly held the petition stated no cause of action.

Judgment affirmed.