Scott, &c., vs. Scott's ex'rs.

CASE 35—PETITION EQUITY—JULY 2.

# Scott, &c., vs. Scott's ex'rs.

### APPEAL FROM KENTON CIRCUIT COURT.

"I direct that my wife shall have as much of the stock, implements, furniture, and personal property, including money on hand at my death, *as she may think necessary* for her comfort, convenience, and maintenance." The testator also disposed of such of his personalty as might be left at her death. Under the above clause of the will, the widow claimed and held the entire personal estate therein referred to, and purchased a tract of land for which she paid five thousand five hundred dollars out of the estate money, and. conveyed the land absolutely to a son in trust for his wife and children. The executors of the will.brought suit against the widow and son, &c., and claimed that she was only entitled to a reasonable amount for her maintenance, &c., and also that they were entitled to the land purchased by her and conveyed to the son. *Held by the court*—That the widow was left by the will free and unrestricted to retain and use whatever she desired, even the whole of the estate embraced in the above clause of the will; but that hers was a life estate, and that, therefore, the conveyance of the land by her to the son, which she purchased with money of the estate, was fraudulent, and should be set aside and be conveyed to the executors, reserving a life estate therein to the widow.

STEVENSON & MYERS,                                        For Appellants,

CITED—

1 *Tenn. R.*, 435; *Titcher vs. Biles.*
16 *Vesey, jr.*, 206; *Waldo vs. Caley.*
7 *Taunton*, 122; *Cooke vs. Farrand.*

M. M. BENTON,                                        For Appellee,

CITED—

1 *Marshall*, 493; *Moore vs. Waller.*
6 *B. Mon.*, 356; *Bowling vs. Cobb.*

12 *B. Mon.*, 645 ; *Robb vs. Belt and Milam.*

3 *Barn. & Adolph*, 473 ; *Doe vs. Tucker.*

2 *Jarman on Wills,* 137, 138.

2 *Williams on Executors*, 973-4, 977.

2 *Burr.*, 912.

8 *T. R.*, 122.

*Cruise's Digest, vol.* 6, 147, 150.

2 *Stant. Rev. Stat., chap.* 80, *sec.* 22.

1 *Marshall*, 47 ; *Perry vs. Head.*

3 *J. J. M.*, 518 ; *Chaplin vs. McAfee.*

4 *J. J. M.*, 592 ; *Letcher vs. Letcher.*

1 *Marshall*, 311 ; *Cox vs. Osborne.*

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

In May, 1861, Elmore Scott published his last will and testament, which was probated in the Kenton county court in August, 1864, and appellees having qualified as his executors, brought this equitable action against Mrs. Polly Scott, the widow of the testator, and Cleveland Scott, a son living with her, for the recovery of a part of the personal estate of the testator, which they allege is of the value of over $10,000, consisting of stock, farming implements, grain, furniture, a considerable amount of cash, gold and silver coin, and United States treasury notes; and they allege that the appellants, although called on by them, have refused to furnish them a list and inventory of said personal estate, the said Cleveland claiming a part of the stock, crop, farming implements, &c., and that the widow claims the whole of the residue, under the fourth clause of the will of the testator, " for her comfort, convenience, and maintenance;" and that, although they were willing to surrender up to her an amount entirely sufficient for that purpose, and offered to do so, she rejected their offer and

claims the whole, which they allege the testator never intended she should have, and to which she is not, by any rational or fair construction of the will, entitled.

By an amended petition, filed the 15th of August, 1865, they allege, that, since filing their original petition, they had ascertained that the appellant, Mrs. Polly Scott, had appropriated $5,500 of the money of the testator, on hand at his death, in payment for a tract of fifty-one acres, one rood, and thirty poles of land, which she had purchased of one Simrall, which land the testator in his lifetime set apart and conveyed to his son, Levi P. Scott, and which he sold and conveyed to said Simrall; that on the same day Simrall conveyed the land to her she conveyed it to Cleveland Scott, in trust for Mrs. Amelia Scott, his wife, and their children, in consideration, as the deed recites, of $5,500, of which sum $1,500 are acknowledged to have been paid in hand, and for the residue of the price the said Cleveland Scott executed his eight promissory notes for $500 each, payable in one, two, three, four, five, six, seven, and eight years, carrying interest from date, and executed a mortgage on the land to secure the payment thereof. They charge that said conveyances were procured through the influence of Cleveland over his mother; that he is insolvent, and that she has no estate except a life estate in the property devised to her by her husband, and they fear the whole will be spent, and a judgment for the money paid for the land against appellants would be unavailing. That the land in equity belongs to the devisees of the testator, and if said Cleveland should dispose of it, which he has the power to do under the deed to him, the devisees to whom it belongs would lose it, and they pray that he may be enjoined from disposing of said land, and that the title may be secured to them. On final hearing

they also pray that the widow be allowed out of the personalty so much as may be sufficient, with her life estate in the land devised to her, for her comfortable maintenance during her life, which they fix at about $3,000, and which they are willing she may have, and for the residue they pray a judgment, and for general relief.  Mrs. Amelia Scott is also made a defendant.

Appellants in their answers claim, under the said fourth clause of the will, that the whole of the personalty belongs to Mrs. Polly Scott, to whom the right of determining how much may be necessary for her comfort, convenience, and maintenance, is confided; and as she has decided that the whole is necessary for the purposes named in the will, that is conclusive of the question. They admit the purchase and sale of the land as set forth in the amended petition; but deny that the devisees or executors of said testator have any right to it, or to interfere with the disposition made of it, and controvert the right of appellees to the relief sought.

On final hearing, the court below rendered judgment against Mrs. Polly Scott for six thousand two hundred and twenty-five dollars and twenty cents, with interest from the 18th of February, 1866, till paid, and costs; adjudged the conveyance of the land purchased from Simrall to Cleveland Scott, and the mortgage from him to his mother, fraudulent and void, and set them aside; and ordered the eight notes to be canceled and surrendered up, and ordered the land to be conveyed to appellees, "*to be held and disposed of by them as executors of Elmore Scott*," &c.  Of that judgment appellants complain.

The first question to be solved is, what are the rights of the widow of testator, Mrs. Polly Scott, under his will? the fourth clause of which is as follows: "I direct that my wife shall have as much of the stock, implements,

furniture, and personal property, including money on hand at my death, *as she may think necessary* for her comfort, convenience, and maintenance."

The testator did not himself, either in the clause quoted or in any other clause or part of his will, undertake to decide how much or what part of his personal estate would be required for the comfort, convenience, and maintenance of his wife ; nor did he limit his bounty to a bare maintenance for her, but her comfort was to be secured and her convenience or *ease* provided for.   These things include, not only the gratification of her taste, but a freedom from the cares of business and the ordinary concerns of life, if it should be her wish so to live ; and if he had regarded himself a judge of the amount that she would need in order to secure to her the ease and comforts he intended her to enjoy, he would have named the sum in his will to be applied to that purpose; but, distrustful of his own judgment, as we may assume from the whole context of the will, and unwilling to confide the power of determining the question to his executors or to any one else, as he conferred in terms no such power on any one, he determined, as we conclude, to submit the subject to her judgment and discretion; and hence he said she was to have as much " *as she may think necessary*" for the purpose.  This language is very explicit and unambiguous, and it is difficult to perceive how the right to determine how much of the personal estate of the testator will be necessary for her comfort, convenience, and maintenance can be taken from the widow and conferred upon another, or exercised by a court, without ignoring the will of the testator and substituting another one in its place ; and this conclusion is fortified by the fact that the testator, as is alleged, left a large and valuable estate, and that he made no other disposition of

his personal estate than that contained in the fourth clause of his will during his wife's life.

The widow, however, has invested five thousand five hundred dollars of the personal estate of her testator in the purchase of the land from Simrall; and as the testator disposed of such of his personalty as might be left at her death, she could only acquire a life estate in the land thus purchased, and upon her death the fee would pass to the devisees of her husband; the conveyance of it to Cleveland in trust was, therefore, properly set aside, as was also the mortgage; and upon the return of the cause Mrs. Polly Scott should be adjudged to convey to appellees, as executors of Elmore Scott, deceased, said land, reserving to herself a life estate, the conveyance to Cleveland Scott and the mortgage from him to Mrs. Polly Scott to be set aside, and his notes to her for the land to be surrendered up and canceled, and a judgment rendered against Mrs. Polly Scott in favor of Cleveland Scott, trustee for Mrs. Amelia Scott and children, for fifteen hundred dollars.

Wherefore, the judgment is *reversed*, and the cause remanded, with directions for further proceedings consistent herewith; and each party will pay their own costs, &c.