JOHN HALLORAN'S ADMR. *v.* LOUISVILLE, C. & L. R. Co.

[Abstract Kentucky Law Reporter, Vol. 5—326.]

**Instruction to Find for Defendant.**

On an appeal from a judgment based on a verdict rendered in pursuance of a peremptory instruction, the only question is, Was there any evidence tending to show a right of recovery? If there was then it should be left to the jury without such instruction, for the jury and not the judge is required to weigh the evidence.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

October 11, 1883.

OPINION BY JUDGE HARGIS:

According to the principles of the decision in *Loving v. Warren County,* 14 Bush (Ky.) 316, it was unnecessary to state in the grounds for a new trial that the court erroneously instructed the jury to find for appellee because the motion to find for appellee was in effect a demurrer to the evidence, and being sustained the jury had nothing to decide except for the defendant which was equivalent to a nonsuit. The court decided both law and fact and that no recovery could be had upon either or both in this case. On an appeal from a judgment based on a verdict rendered in pursuance of a peremptory instruction, the only question is, Was there any evidence conducing to show a right of recovery if evidence adduced corresponds with the allegations and they are sufficient in law to constitute a cause of action? The weight of the evidence belongs to the province of the jury and not to the court. *Scott v. Scott's Exrs.,* 2 Bush (Ky.) 147. Having corrected the error into which we fell in our first opinion, it becomes our duty to decide whether the appellant offered any evidence tending to sustain his right to recover.

The action is brought by the appellant as administrator of J. Hal-

loran, deceased, for damages on account of his death by reason of the alleged wilful neglect of the appellee and its agents in the management of one of its engines attached to three cars while making up trains at about six o'clock in the morning. The deceased was in the appellee's employment as "track fixer" at the yard, where he was run over and instantly killed by the backing of the engine and three cars named, which were coupled together.

The evidence tended to show that no one saw him when the car struck him, that the engineer was not at his post controlling the engine, a fireman having charge of it; that, although it was usual to have firemen on such a train, only three were in control of it, and none of them near the brake at the end of the car which struck the deceased and where it was important to have some one posted to give signals or alarm of danger to the engineer so that persons about to be injured might escape or be protected. Nor was there any one in such a position as to see or know the peril into which persons about the yard might be brought by the moving of the train; yet the fireman did move at a signal given by Cook who was not in a position to see whether the track was clear, and it is not satisfactorily shown that any bell or whistle was sounded. This is enough to show that the case ought to have gone to the jury. What has been stated is set forth simply to demonstrate the existence of evidence tending to prove the neglect charged upon appellee, but not as expression of any opinion on our part as to its sufficiency or insufficiency to sustain a verdict. That question belongs to the jury after hearing the appellee's explanation through any evidence it may adduce.

Wherefore the judgment is *reversed* and cause remanded with directions to grant appellant a new trial.

*F. F. Fox,* for appellant.
*Wm. Lindsay,* for appellee.