## Roby v. Herr.

(Decided May 2, 1922.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Wills—Construction.—The will presented for construction in this case contains the following devise to the testator's wife: "Second, I hereby devise to my wife, Eleanor H. Herr, all of that portion of my real estate which was devised to me under and by the terms of the will of my brother, Samuel Tate Herr, deceased, and which I may own at the time of my death; and also an undivided one-half of any other real estate that I may hereafter acquire and own at the time of my death, *to be held and owned by my said wife, Eleanor H. Herr, so long as she remains my widow, and to be disposed of as she may see fit; but should she marry again the real estate devised to her under this clause of my will shall pass to and become the property of my daughter, Marion Herr, to be held by her under the same terms and conditions as are hereinafter set out in this will.*" Held, that the words "to be disposed of as she may see fit," gave to the wife a life estate in the real property devised, determinable upon her marriage or death, and, in addition, full power of disposition while remaining unmarried, in the exercise of which she may sell and convey the fee to any of the real estate devised her, she being the sole judge of the necessity of such sale as she may make.

2. Wills—Devise of Life Estate.—Where by the provisions of a will a life estate only is devised the testator's wife, with absolute power of disposition so long as she remains his widow, a devise or limitation over of the devised estate to take effect in the event of the widow's remarriage, is valid only as to such part of the estate as may not have been disposed of by the widow prior to her remarriage.

F. A. ROBY for appellant.

LOUIS I. IGLEHEART for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was brought by appellee, Eleanor H. Herr, widow of Hugh S. Herr, deceased, against the appellant, F. A. Roby, to enforce the performance of a written contract made by and between them January 27, 1921, where-

by, in consideration of $500.00, to be paid her by the appellant February 3, 1921, appellee sold and obligated herself to convey him on the last named date by deed of general warranty, the fee simple title to her undivided half interest in a four-acre tract of land lying in Jefferson county, Kentucky, described in the petition, which interest was devised her by the will of her late husband, Hugh S. Herr, deceased.

The petition, after setting forth the foregoing facts, also alleged that the appellee, in accordance with the terms of their contract of January 27, 1921, on February 3, 1921, duly executed, acknowledged and tendered to the appellant for his acceptance, a deed conveying him with covenant of general warranty her undivided half interest in the four-acre tract of land in question, but that he refused to accept the deed, or pay her the consideration agreed upon for her interest in the land, and announced that he would not perform the contract.

There was filed with the petition as an exhibit a certified copy of the will of appellee's deceased husband, Hugh S. Herr, and also of that of his brother, Samuel T. Herr, and therein alleged respecting both wills that they had been duly admitted to probate and were in full force; and, further, that the undivided half interest devised the appellee in the four-acre tract of land in Jefferson county by the will of her husband and contracted by her to the appellant, had, previously to the husband's death, been devised him, with other lands, by the will of his brother, Samuel T. Herr, which fact also appears from the provisions of the will of the latter.

The appellant filed a general demurrer to the petition, which was overruled by the circuit court, excepting to which appellant elected to stand upon the demurrer; whereupon the court held that the appellee, as widow and devisee under the will of Hugh S. Herr, was empowered by the provisions of that instrument to sell and convey the appellant by the deed tendered him the fee simple title to the undivided half of the Jefferson county real estate described therein, and by reason thereof entitled to a specific performance of the contract by which it was purchased of her by the appellant. From the judgment entered pursuant to these rulings the latter has appealed.

As the only question raised in the court below and now on the appeal is as to whether under the will of Hugh S. Herr the appellee has the power to convey the fee simple title to the real estate it devised her. The question

is one to be determined by a proper construction of Hugh S. Herr's will, which (omitting the signatures of the testator and attesting witnesses) is as follows:

"I, Hugh S. Herr, of Daviess county, Kentucky, being of sound mind and disposing memory, do make and publish this my last will and testament.

"First: I desire that my executor, hereinafter named, shall pay all of my just debts, including my funeral expenses, from the proceeds of my personal property; and the surplus personal property, if any, shall be divided by my said executor one-half to my wife, Eleanor H. Herr, and the other one-half to my daughter, Marion Herr, and the judgment of my said executor in the division of said personal property and in the allotment thereof to the beneficiaries herein named shall be binding upon both beneficiaries. No inventory of my personal estate shall be required.

"Second: I hereby devise to my wife, Eleanor H. Herr, all of that portion of my real estate which was devised to me under and by the terms of the will of my brother, Samuel Tate Herr, deceased, and which I may own at the time of my death, and also an undivided one-half interest in any other real estate that I may hereafter acquire and own at the time of my death, *to be held and owned by my said wife, Eleanor H. Herr, so long as she remains my widow, and to be disposed of as she may see fit;* but should she marry again then the real estate devised to her under this clause of my will shall pass to and become the property of my daughter, Marion Herr, to be held by her under the same terms and conditions as are hereinafter set out in this will.

"Third: I hereby devise to my daughter, Marion Herr, all of that portion of my real estate which was devised to me by my father, and all of that portion of my real estate which came to me under the will of Hugh and Andrew Tate, of Henderson county, Kentucky, and more particularly described in the deed of partition executed by James M. Herr, Samuel T. Herr and Clara Keene to me after my mother's death, and which I may own at the time of my death, and also an undivided one-half interest in any other real estate that I may hereafter acquire and own at the time of my death. All of the real estate devised to my daughter under this and the preceding paragraphs of my will shall be held in trust for her sole use and benefit by my trustee hereinafter named, until my said daughter arrives at the age of thirty years,

and at all times the same shall be free from the debts or control of any husband she may have.

"Fourth: I hereby appoint Rolla H. Hays, of Owensboro, Kentucky, as executor of this will and also as trustee for my said daughter, Marion Herr, and I hereby fix his compensation for his services as trustee at the sum of three hundred ($300.00) dollars a year, for such time as he may act as trustee under this will, which salary of $300.00 a year shall be received by him in lieu of all statutory fees fixed for said services; and should the said Rolla R. Hays fail or refuse to qualify as executor, then I direct the court to appoint in his stead A. B. McCarthy, of Owensboro, Kentucky, as executor or trustee, as the case may be under this will, he to act under the same conditions and to receive the same salary as provided above; but the premium upon the bond of my executor shall be paid out of my estate, and the premium upon the bond of the trustee of my said daughter, Marion Herr, shall be paid out of the income of her trust estate, and not by said trustee.

"Fifth: If the beneficiaries under this will should be dissatisfied with the terms thereof, and institute legal proceedings to have this will set aside, then such beneficiary shall take no part in my estate, and the whole thereof shall revert to the other beneficiary herein named.

"In testimony of the foregoing witness my signature this the 14th day of September, 1914."

In arriving at the meaning of the language, *"to be held and owned by my said wife, Eleanor H. Herr, so long as she remains my widow, and to be disposed of as she may see fit,"* it is not necessary that it be considered with the view to determining whether they were intended to give to the wife the fee simple title to the estate devised as these words are usually understood and applied. It will be sufficient if the terms employed in the devise, though withholding from the wife the fee simple title, give her such power of disposition as will enable her to convey the fee; and fairly construed the words, *"to be disposed of as she may see fit,"* contained in the will of her husband, are broad enough in meaning to confer upon appellee the power of disposition that will enable her to convey to another the fee simple title to the real estate devised her by the will, though by its terms her marriage before disposing of it would have deprived her of such power. By Webster the words "to dispose of"

are defined to mean: "To sell; alienate; as, the man has disposed of his house and removed." To say that appellee was not given by the words "to be disposed of as she may see fit," the power to sell and convey the appellant the fee simple title to the real estate described in the deed tendered him, would not only restrict the natural and universally accepted meaning of those words, but also defeat, in large part, the intention of the testator.

We find no fault with the construction given the will in question by the judgment of the chancellor, viz.: that the appellee took under it a life estate in the property it devised her, determinable upon her marriage or death, and, in addition, that she was given by it the power of disposition, in the exercise of which she may sell and convey the fee to any of the real estate devised her, she being the sole judge of the necessity of such sale as she may make of it. This case seems to belong to that class of which, in Woodward v. Anderson, 145 Ky. 134, it is said: "Where a life estate only is devised, with power of disposition, then the limitation over of such of the devised property as should remain undisposed of at the death (or marriage, as in the instant case) of the life tenant is valid."

In Woodward v. Anderson, *supra*, the devise was to the wife of all the testator's property, real and personal, "to be hers absolutely, to do with as she pleases during her lifetime," and at her death to the testator's seven nieces and certain charitable uses. The widow sold some of the devised real estate during her life tenancy, and we held that the case came within the rule, *supra*, because, under the general power of disposition given her by the will, her sale of the property was authorized and the purchaser took a fee simple title. In Kleber v. Kleber, 24 R. 7, the devise made the wife of the testator by his will was in its language closely akin to that of the Herr will. The second clause was as follows: "I give and bequeath unto my beloved wife, Louisa Kleber, all of my estate, consisting of realty and personalty, wherever situated, to do with as she pleases, provided she does not marry. If she marries again she should have only the legal third."

By the third clause of the will it was provided that the estate at the death of the widow should be divided equally between his six children, who, with the wife, survived him, but one of whom, a son, later died leaving two infant children. Thereafter the widow, contemplat-

ing a sale of a part of the devised realty, upon the advice of her lawyer, brought suit in the Jefferson circuit court for a construction of the husband's will, alleging doubt of her power under the will to sell and convey the realty. On appeal this court held that the widow under the second clause of the will had such right, as it gave her:

"Not only the title during her life or widowhood, but the 'right to dispose of the property as she pleased,' which included the right to dispose of it by will. It was only in the event she failed to dispose of it, or married before disposing of it, that the third clause was to become effective. She did not marry again. Therefore, as she 'disposed' of the property by her will, the children of August Kleber took nothing under the third clause of the grandfather's will. They must look to the grandmother for title."

Another case supporting the conclusion we have reached respecting the will in the case at bar is that of Dorsey v. Brown, 170 Ky. 275, in which the will of a testator devised to his wife, "All my estate real and personal of every description, to have and to hold and to enjoy as she may wish." The will by a further clause provided that at the death of the wife the estate should go into the hands of a named trustee, in trust for the testator's daughter. In an action involving the construction of this will, which reached this court, we held without determining whether the widow took under the devise made her by the will the fee or a life estate in the land, that she had the right, under the power of disposition thereby given her, to sell the real estate or any part thereof and convey the purchaser a fee simple title to same, the opinion declaring that such a devisee may, under a power of disposition conferred by a will, be given the authority to sell to the purchaser realty thereby devised, and convey him the fee simple title thereto," and yet not be possessed, in the full meaning of these words, of such title.

In addition to the cases already considered are the following authorities of like effect: Sutton v. Johnson, 127 S. W. 747; Loeb v. Struch, 19 R. 935; and we find nothing in the cases relied on by counsel for appellant or in the provisions of the will under consideration that can be said to conflict with those cited in the opinion. It being our conclusion that the judgment appealed from correctly determined the rights of the parties, it is affirmed.