## Lickteig et al. v. Lickteig et al.

(Decided December 16, 1930.)

JOSEPH M. LEE and HERMAN COHEN for appellants.

HARRY TINCHER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Clarence C. Lickteig owned about 18 acres of land lying near Louisville. After his death his wife, Elizabeth Lickteig sold the land for something over $14,000. At her death she still had about $10,000 realized from the proceeds of the sale of the land, and this she devised to her children and grandchildren in equal shares per stirpes except the two children of her deceased son, Joseph, to whom she gave $100. These two grandchildren brought this action against her executor and the other children, claiming that they were entitled under their grandfather's will to an equal share of the property. The case turns on the construction and effect of the will of Clarence C. Lickteig, which is in these words:

"I give, bequeath and devise to my wife, Elizabeth Lickteig, all of the property which I may own at the time of my death, real, personal and mixed, of whatever kind or character to hold the same for her life time with the remainder to my children and the children of my deceased children, taking per stirpes; but my wife, Elizabeth Lickteig, shall have power during her life time to dispose of any part or all of the said estate free and clear of the interest of any children or grandchildren, and the proceeds of any such disposition shall be free and clear of any interest in them. She may exercise said right of sale or disposition at her will and pleasure, and her discretion is not to be questioned, nor is she accountable for any proceeds.

"I hereby appoint the said Elizabeth Lickteig my executor and request, so far as the said request is in accordance with the law, that no bond, inventory or appraisement be required of her.

"My children are as follows: Lizzie, deceased, leaving children (Joseph) deceased, leaving children Lena, Anna, Tilda, Charlie, Henry, William, so that such estate as my wife does not dispose of will be divided into eight equal parts.

"My son, Charlie, has had $100.00 from me which is to be charged against his share.

"If my wife, Elizabeth, should die before me, I give, bequeath and devise my entire estate as aforesaid to be divided share and share alike among my living children and the children of my deceased children per stirpes, charging my son, Charlie, as above set out."

While by the will the wife is first given only a life estate with the remainder to the testator's children and the children of his deceased children taking per stirpes, this is followed by the provision that the wife shall have power during her lifetime to dispose of all or any part of the estate, free and clear of the interest of any children or grandchildren, and the proceeds of any such disposition shall be free and clear of any interest in them, and it is further provided that she may exercise the right of sale or disposition at her will and pleasure, and her discretion is not to be questioned, and she is not accountable for any proceeds.

It is well settled that a testator may give the life tenant the power to dispose of the property left by him, and he may give the life tenant the absolute right to the proceeds of the property when disposed of. This is what the testator plainly did here. He provided not only that his wife might dispose of the property, but that the proceeds should be free and clear of any interest in the children or grandchildren, and that her discretion was not to be questioned, and that she was not to be accountable for any proceeds. This clearly fixed in the wife the title to the proceeds of the property when she sold it. The intention of the testator is to be gathered from his whole will, and, when that intention is sufficiently expressed, it must be carried into effect. In his opinion so construing the will, the learned circuit judge said:

"It seems to me impossible to escape the conclusion that the testator meant not only to give his wife the power to convey a fee simple title but that he meant that the consideration paid for such a conveyance should be hers absolutely. This is what he says and this is what he must have meant, unless there is something else in the will which conflicts with it. It seems to me that this provision, thus construed, does not conflict with any other provision of

the will. It is not inconsistent necessarily with the gift to his wife of a life estate in all of his property. It is stated in the briefs of counsel and this is apparently confirmed by the petition, that the testator's only property at his death was a tract of eighteen acres of land. It was perhaps not unnatural that he should desire that this land, where he had perhaps resided with his family, should go to his descendants at his wife's death, if she had not sold it, but at the same time was willing that she should have the proceeds absolutely, if she found it necessary or desirable to sell it. This, I think, is the plain meaning of his will.''

In Struck v. Lilly, 219 Ky. 604, 293 S. W. 153, the wife was given a life estate in all of the testator's property. She was empowered to ''sell and dispose of the same as she may see proper,'' and there was a devise over. It was held that, where the wife sold land and reinvested the money in other land, this land passed under the husband's will to his devisees at her death. But there was in that will no provision as to the proceeds in case she sold the property. Here it is expressly provided that the devisees in remainder shall have no interest therein, which necessarily means that the proceeds shall vest absolutely in her.

Judgment affirmed.