## Hall v. Hazlewood et ux.

Dec. 19, 1941.

692

Sam P. Strother for appellant.

George R. Smith for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

On March 17, 1934, A. J. Allen and wife conveyed two lots in the City of Lexington to appellee Frederick E. Hazlewood. W. A. Green and Mary Green paid the purchase money for the property conveyed, intending it as a gift to Hazlewood. The deed contained this provision:

"To have and to hold said property unto the party of the second part for life with remainder to his children or any descendants of his, and in the event the party of the second part shall encumber this property or any portion of it, or in the event any creditor shall attempt to subject it to the payment of any of his indebtedness, or in the event he shall die without children or descendants, then upon the happening of either of the above contingencies this property shall pass immediately to W. A. Green and Mary E. Green. Nothing herein contained shall be construed to prevent the party of the second part from selling and conveying this property at any time during the life of either W. A. Green or Mary E. Green, provided that they or either of them consent to said sale by joining in the conveyance of said property."

By a written contract appellant agreed to purchase the lots, deed to be made on or before December 16, 1941. A deed was executed by Hazlewood and wife and by W. A. Green, who joined therein to perfect title by reason of the provision in Hazlewood's deed quoted above. This deed was tendered to appellant who declined to accept it and comply with his contract on account of his doubts as to the title by reason of the above-quoted provision.

This action was filed by the appellees, Hazlewood

and wife, under the Declaratory Judgment Act, Civil Code 639a—1 et seq., for a declaration of rights. The chancellor adjudged that the tendered deed conveyed a good fee-simple title to appellant and from that judgment this appeal is prosecuted.

By the quoted provision of the deed to Hazlewood a life estate was conveyed to him with power to sell and convey the property at any time during the life of either W. A. Green or Mary E. Green, provided either of them joined in the conveyance. It is well settled that one conveying or devising property to another for life may give the life tenant power to dispose of the property and may give the life tenant absolute right to the proceeds of the property when disposed of. See Lickteig et al. v. Lickteig et al., 236 Ky. 540, 33 S. W. (2d) 641. This is what the deed to Hazlewood plainly did, subject only to the provision that W. A. Green or his wife should join in the conveyance. W. A. Green did join in the conveyance and there is therefore no doubt that the tendered deed was sufficient to vest in appellant fee-simple title.

Judgment affirmed.