## Brown et al. v. Harlow et al.

June 20, 1947.

Edwin R. Denney, Judge.

Flowers & Pritchard and Duncan & Duncan for appellants.

J. G. Smith for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

This is a suit brought by appellant, Freda Carlton Brown, to recover possession and damages for the use of a tract of land in Clinton County. Appellees by answer and counterclaim asserted title to the property involved. Both parties claim title to the land known as "Tract No. 3," under a deed executed by W. F. Davis to appellant's father, J. H. Carlton, dated August 1, 1932.

The question in the case is: did appellant's father hold only a life estate under the above deed, or did he have a right to convey the property in fee simple to appellees' predecessors in title? The Court below over-ruled appellant's general demurrer to appellees' answer and counterclaim, and adjudged that the principal appellee was the owner of the land in controversy. The latter is a remote grantee of J. H. Carlton.

The important provisions of the deed involved are quoted (our italics):

"This deed between W. F. Davis and his wife, Lillie Davis, of Aaron, Ky., parties of the first part, and J. H. Carlton, Willie Carlton, Freda P. Carlton and Rena C. Carlton, of Aaron, Ky., parties of the second part: Witnesseth; That the said parties of the first part, for and in consideration of the exchange of lands, the receipt of which is being acknowledged, does hereby sell and quit-claim the parties of the second part their heirs and assigns, the following described property, to-wit:" (Description—3 tracts.)

\* \* \* \*

"*All the above named tracts of land are to remain J. H. Carlton's his lifetime to be disposed of by him as he may see cause* and at his death the above described No. 1 tract shall (go) to his son Willie C. Carlton, Tract No. 2 shall go to his daughter Rena C. Carlton, Tract

No. 3 shall go to his daughter Freda P. Carlton (appellant)."

\* \* \* \*

"To have and to hold the same, together with all the appurtenances thereunto belonging unto the parties of the second part, their heirs and assigns—"

Appellant's contention is that the caption of the deed, the granting clause and the habendum clause convey to the grantees a fee simple title; and that the clause (which we have italicized) giving J. H. Carlton a life estate, and the right to dispose of the property, is in conflict therewith and cannot be given effect to diminish the estate conveyed. Appellant goes one step further and suggests that the clause in controversy may be harmonized with the rest of the provisions in the deed if we construe it as granting a life estate to J. H. Carlton with a vested fee simple in remainder to his three children.

It is the well settled rule in this State that the construction of a deed is based upon its provisions considered in their entirety, and the old rule that an estate cannot be diminished by a later provision in the deed is no longer followed. Stambaugh, et al. v. Stambaugh, et al., 288 Ky. 491, 156 S. W. 2d 827; Mary A. Ratliffe, et al. v. Essie Ratliffe, et al., 182 Ky. 230, 206 S. W. 478; May, et al. v. Justice, et al., 148 Ky. 696, 147 S. W. 409.

We must, therefore, construe the clause in controversy as an integral part of the deed. In so doing we cannot escape the conclusion that J. H. Carlton was granted a life estate in all three tracts with the power to sell and convey said tracts in fee simple prior to his death, and that the three other grantees were conveyed only a defeasible fee in remainder. Clearly the clause in controversy creates the life estate in J. H. Carlton, but unless we completely ignore the following phrase, "to be disposed of by him as he may see cause," he is granted something in addition to his life estate.

The right to "dispose" of property is broad and includes the power to convey absolutely. In Roby v. Herr, 194 Ky. 622, 240 S. W. 49, 50, the Court construed a will which devised property to the testator's wife so

long as she remained his widow with the further provision, "to be disposed of as she may see fit." In construing this language the Court stated, at page 625 of 194 Ky., at page 51 of 240 S. W.:

"In arriving at the meaning of the language 'To be held and owned by my said wife Eleanor H. Herr, so long as she remains my widow, and to be disposed of as she may see fit,' it is not necessary that it be considered with the view to determining whether they were intended to give to the wife the fee-simple title to the estate devised as these words are usually understood and applied. It will be sufficient if the terms employed in the devise, though withholding from the wife the fee-simple title, give her such power of disposition as will enable her to convey the fee; and, fairly construed, the words 'to be disposed of as she may see fit', contained in the will of her husband, are broad enough in meaning to confer upon appellee the power of disposition that will enable her to convey to another the fee-simple title to the real estate devised her by the will, though by its terms her marriage before disposing of it would have deprived her of such power. By Webster the words 'to dispose of' are defined to mean—'to sell; to alienate; as, the man has disposed of his house and removed.' To say that appellee was not given, by the words 'to be disposed of as she may see fit,' the power to sell and convey the appellant the fee-simple title to the real estate described in the deed tendered him would not only restrict the natural and universally accepted meaning of those words, but also defeat, in large part, the intention of the testator.

"We find no fault with the construction given the will in question by the judgment of the chancellor, viz.: that the appellee took under it a life estate in the property it devised her, determinable upon her marriage or death; and, in addition, that she was given by it the power of disposition, in the exercise of which she may sell and convey the fee to any of the real estate devised her; she being the sole judge of the necessity of such sale as she may make of it." Also see Sherill v. Ouerbacker, et al., 182 Ky. 626, 206 S. W. 876.

The right of J. H. Carlton to dispose of this property in his lifetime gave him power to sell and convey

it absolutely to appellees' predecessors in title, and upon his making such sale and conveyance he thereby extinguished the defeasible fee in remainder which his daughter, Freda, had in the property.

It is, therefore, our opinion that the Court below properly construed this deed and the judgment is affirmed.