## Cassady v. Cain.

October 14, 1949.

180

Clyde L. Miller for appellant.

W. R. McCoy for appellee.

JUDGE REES—Reversing.

On October 16, 1924, H. C. Cassady conveyed to his natural son, Kenis Cassady, who was then about ten years of age, four tracts of land in Martin County. Tract No. 3, which is the subject of this controversy, contained 75 acres. The deed was acknowledged by H. C. Cassady on October 16, 1924, and was recorded in the office of the county clerk on the following day. The deed contained this clause: "The grantor reserves full control and management of all the properties hereby conveyed for and during his natural life, together with all the rents, or incomes from any and every source that may be derived from said properties, or either of them, and he further reserves the right during his natural life to sell and convey said property, or any part thereof, with good title, as though this deed had never been executed."

H. C. Cassady sold the surface during his lifetime, and on September 7, 1935, he and Kenis Cassady united in the execution of an oil and gas lease to the Warfield Natural Gas Company by the terms of which a royalty of $300 annually, payable in quarterly installments of $75 each, was to be paid on each gas well drilled on the land while gas therefrom was used and marketed off the land. Charlie Cain owned 100 acres of land adjoining the Cassady 75-acre tract, and on November 13, 1945, he and H. C. Cassady entered into a written contract by the terms of which they agreed that if Cain obtained an assignment of the lease on the 75-acre Cassady tract and drilled a gas well either on the Cassady tract or on the adjoining 100 acres owned by Cain, then Cassady was to have a royalty of $100 per annum on any gas well from which gas was produced and marketed. Kenis Cassady was not a party to this contract. Cain procured an assignment of the lease on the 75-acre tract from the Warfield Natural Gas Company on February 4, 1946, and drilled a producing gas well on the 75-acre Cassady tract. H. C. Cassady died in May, 1946. Cain insisted that he was required to pay to Kenis Cassady a royalty of only $100 per annum, while Kenis Cassady

insisted that he was entitled to receive a royalty of $300 per annum since he was not a party to the agreement of November 13, 1945. On July 29, 1946, Kenis Cassady brought this declaratory judgment proceeding against Charlie Cain for a declaration of the rights of the parties. He asked for a judgment requiring the defendant to pay to the plaintiff a royalty of $300 per annum, payable in quarterly installments of $75 each, on the producing well. The court adjudged that the plaintiff was not entitled to the relief sought, and dismissed his petition.

In the deed which H. C. Cassady executed to his son, Kenis Cassady, in 1924, the grantor reserved a life estate with the power of disposition in fee by deed of the remainder. According to the great weight of authority such a provision in a deed or will creates a defeasible fee in remainder in the remainderman. The limitation for the life of the first taker controls, and the life estate will not be enlarged to a fee notwithstanding the power of the life tenant to dispose of the fee. Brown v. Harlow, 305 Ky. 285, 203 S. W. 2d 60; Roby v. Arterburn, 269 Ky. 816, 108 S. W. 2d 873; Slayden v. Hardin, 257 Ky. 685, 79 S. W. 2d 11; Lickteig v. Lickteig, 236 Ky. 540, 33 S. W. 2d 641; annotations in 36 A. L. R. 1177, and 76 A. L. R. 1153. Here, the life tenant exercised his power to sell and convey as to the surface, but not as to the minerals. When he came to execute an oil and gas lease he had the remainderman join in the lease.

It is argued that the deed of October 16, 1924, was retained in the grantor's possession and was never delivered, but the grantor had it recorded and eleven years later had the grantee join in an oil and gas lease. This was recognition of delivery by the grantor and was an acceptance by the grantee. Furthermore, where the grantee is an infant and the deed appears to be beneficial to him, delivery by the grantor and acceptance by the grantee will be presumed as of the date the grantor lodged the deed for record. Combs v. Ison, 168 Ky. 728, 182 S. W. 953. Since the appellant, Kenis Cassady, was the owner in remainder of the minerals under the 75-acre tract, he was not bound by the agreement between the life tenant and appellee. That agreement was binding only on the life tenant, and appellant may enforce the terms of the lease of September 7, 1935.

The judgment is reversed with directions to enter a judgment in conformity herewith.