Jane G. PIATT et al., etc., Plaintiffs,

v.

William M. GRAY, etc., Defendant.

Civ. A. No. 3989.

United States District Court
W. D. Kentucky,
at Louisville.

Nov. 29, 1961.

**402**

Stoll, Keenon & Park, Lexington, Ky., for plaintiffs.

William E. Scent, U. S. Atty., Louisville, Ky., for defendant.

BROOKS, Chief Judge.

█ This action is submitted on the record and the briefs of the parties, and the facts have been stipulated. Plaintiffs, co-executors of the estate of Thomas Carr Piatt, claim that the defendant, the former District Director of Internal Revenue for the District of Kentucky, improperly disallowed a marital deduction for an interest in property passing under the testator's will to his widow, resulting in an overpayment of federal estate taxes. The testator died on December 9, 1957. Clause III of his will provides in part:

"All the rest and residue of my personal estate consisting of all my personal property of any nature or description whatsoever after the payment of debts and those specific bequests. above set out, I give and bequeath the same to my beloved wife, Jane, for and during her natural life. She shall have the power, right and authority whenever, in her opinion, it shall be necessary for her maintenance, comfort or well-being to expend all or any part of the principal of my said personal property without being required to account therefor, and she shall have the further right, power and authority to sell, lease, encumber or otherwise dispose of any and all items of personal property belonging to me and to give to any purchaser a good fee simple title thereto.

"Upon the death of my beloved wife, Jane, the remainder of my personal estate I give and bequeath to my sister, * * * in trust for her life."

Section 812(e) (1) (F) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 812(e) (1) (F), as amended by Section 93 of the Technical Amendments Act of 1958, is the applicable law under which the wife's interest must qualify, if at all, for the marital deduction.[1]

---

1. "§ 812. Net estate
   "For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—
   *     *     *     *     *
   "(e) [As added by Sec. 361(a) of the Revenue Act of 1948, c. 168, 62 Stat. 110] Bequests, etc., to surviving spouse.
   "(1) Allowance of marital deduction.
   *     *     *     *     *
   "(F) [As amended by Sec. 93 of the Technical Amendments Act of 1958, P.L. 85–866, 72 Stat. 1606] Life estate with power of appointment in surviving spouse —In the case of an interest in property passing from the decedent, if his sur-

viving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—
   "(i) the interest or such portion thereof so passing shall, for purposes of sub-

■ There are two questions to be answered, and the first question relates to the type of power the surviving spouse must have, in addition to her life estate, in order to qualify as a "power to appoint" exercisable "in all events" within the meaning of Section 812(e) (1) (F). This is a matter of federal law. Morgan v. Commissioner, 309 U.S. 78, 626, 60 S.Ct. 424, 84 L.Ed. 585, 1035; Hoffman v. McGinnes, 277 F.2d 598 (C.A.3). The answer to this question, by the weight of authority, is that the surviving spouse must be given the unrestricted right to appoint the principal of the estate to himself or herself as unqualified owner or to appoint it to his or her estate. See Estate of Semmes v. Commissioner, 288 F.2d 664 (C.A.6); May's Estate v. Commissioner, 283 F.2d 853 (C.A.2), cert. denied, 366 U.S. 903, 81 S.Ct. 1045, 6 L.Ed.2d 202; Hoffman v. McGinnes, supra; Stallworth's Estate v. Commissioner, 260 F.2d 760 (C.A.5); Commissioner of Internal Revenue v. Ellis' Estate, 252 F.2d 109 (C.A.3); Pipe's Estate v. Commissioner, 241 F.2d 210 (C.A.2), cert. denied, 355 U.S. 814, 78 S.Ct. 15, 2 L.Ed.2d 31; Starrett v. Commissioner, 223 F.2d 163 (C.A.1). Contra, McGehee v. Commissioner, 260 F.2d 813 (C.A.5); Lincoln Rochester Trust Co. v. United States, 188 F.Supp. 839 (W.D.N.Y.); and Boyd v. Gray, decided by this Court in 1959 and reported in 175 F.Supp. 57. These same authorities demonstrate that "power to appoint," as the phrase is used in the statute, means that the surviving spouse must be able to cut off remainder interests by withdrawing all or a specific portion of the principal from the testator's estate at any time and must be able to make an independent testamentary disposition of the unconsumed portion of the principal so withdrawn.

The cases relied upon, especially Commissioner of Internal Revenue v. Ellis' Estate, supra, and Starrett v. Commissioner, supra, have carefully analyzed the congressional intent behind the marital deduction provisions and the statutory scheme of Section 812 (or its counterpart in the Internal Revenue Code of 1954), particularly with regard to subparagraph (F) of that section. The reason subparagraph (F) was included in Section 812 was because Congress saw fit to make the marital deduction available for the frequently-used common law form of testamentary transfer whereby the surviving spouse is given a life estate coupled with a general power of appointment by deed or will with a devise over in the event of a failure to appoint. Commissioner of Internal Revenue v. Ellis' Estate, supra; Starrett v. Commissioner, supra. But for subparagraph (F), such a transfer does not qualify because the surviving spouse's interest is terminable in the event of her failure to exercise the power. Commissioner of Internal Revenue v. Ellis' Estate, supra.

■ The purpose of the marital deduction provisions is to make available to surviving spouses in common law states the estate tax benefits flowing from community property law, and the important consideration is that the surviving spouse can become the owner of the property, not that he or she can appoint it to others. Where nothing more than the exercise of a power stands between the surviving spouse and absolute ownership of the property, this interest is deemed sufficiently like that of a surviving spouse in a community property state to be entitled to the same tax treatment.

There appears to be no sound reason, however, for holding that the marital

---

paragraph (A), be considered as passing to the surviving spouse, and

"(ii) no part of the interest so passing shall, for purposes of subparagraph (B) (i), be considered as passing to any person other than the surviving spouse.

"This subparagraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events."

deduction should be available where the surviving spouse's interest is substantially less than that of a surviving spouse in a community property state. As said in the case of Commissioner of Internal Revenue v. Ellis' Estate, supra at 114 of 252 F.2d, "[I]t appears that Congress looked to an absolute ownership of the surviving spouse in a community-property state as the test and that anything less should not be granted the deduction unless it comes squarely within a strict construction of subparagraph (F)." There the widow was entitled to receive annually, in addition to the greater of (1) the income of the trust or (2) $5,000, such further amounts of principal as she should "require," "she and she alone to be the [sole] judge of how much shall be required * * *." The marital deduction was disallowed, because under Pennsylvania law the wife's power to deal with the property was limited by a good faith requirement—that is, she could in no way alter the remainder interests created by her husband except by her consumption of the estate. In the later case of Hoffman v. McGinnes, supra, the marital deduction was allowed where the will in question had directed that the trustees pay over to the wife from time to time "any part of the principal of my estate she may desire and said trust shall cease as to that part of the principal so paid to her." In distinguishing the case from Commissioner of Internal Revenue v. Ellis' Estate, supra, the Court emphasized that the above-quoted provision was "intended as a 'cut-off' of the right of remainder interests to the extent of the principal 'used' by [the surviving spouse]." As to any sums of principal paid to her, the wife became the absolute owner—in other words, she had the power to appoint to herself as unqualified owner.

Further support is found in May's Estate v. Commissioner, supra, where the Court said, obiter, "[T]he power to invade at will does not comprehend the important power to appoint to the spouse or her estate." This statement was made in conjunction with a reference to Pipe's

Estate v. Commissioner, supra, in which case the Court said, obiter, that the power to consume or dispose of the principal without restraint during the wife's lifetime would not qualify for the marital deduction if she could not "devise or bequeath any unconsumed corpus at her death to beneficiaries of her own choice." This very question was pointedly raised by the dissent in Estate of Ellis, 26 T.C. 694, reversed, Commissioner of Internal Revenue v. Ellis' Estate, supra, in the following language:

"And that a similar restriction would be placed upon a widow in Pennsylvania appears from the present opinion itself which describes the limitation as meaning 'that the widow may not so deal with the property as to leave it unconsumed and yet prevent it from passing to those chosen by the testator to receive any such unconsumed remainder.' Yet in the same breath the conclusion is reached that the widow's power is 'unlimited.'

"Any unconsumed property would pass under the original testator's will, not by the exercise or failure to exercise any power of appointment by the widow. [Citations omitted]. The present opinion makes this power to consume the equivalent of the statutory 'power of appointment' as well as of the 'unlimited power to invade' to which the regulation refers. The meaning so attributed to the latter term is inconsistent with such other language in the regulation as: 'The power in the surviving spouse must be a power to appoint the corpus to herself as unqualified owner or to appoint the corpus as a part of her estate, that is, in effect, to dispose of it to whomsoever she pleases.'"

This conclusion that a power of unlimited use and disposition during life is not the equivalent of a power to appoint is also expressed in Pipe's Estate, supra at page 213 of 241 F.2d, footnote 4, and the Fifth Circuit seemingly adopted this same interpretation of Section 812(e)

(1) (F) in Stallworth's Estate v. Commissioner, supra at 766 of 260 F.2d, when it emphasized that "an unlimited power to invade the corpus * * * and an unlimited power to make a testamentary appointment of so much of the corpus as has not been subjected to the power of invasion" are sufficient to meet the requirements as to a power of appointment, although the later McGehee case, supra, apparently adopts a somewhat different view of Section 812(e) (1) (F). The Sixth Circuit also affirmed the Tax Court's denial of a marital deduction in Estate of Semmes v. Commissioner, supra, where, under Tennessee law, the surviving spouse could not make gifts of the property and could not appoint to herself as unqualified owner, but it was indicated that either limitation on the wife's power would have precluded the granting of a marital deduction.

 The second and remaining question, the answer to which is governed by state law, Morgan v. Commissioner, 309 U.S. 78, 626, 60 S.Ct. 424, 84 L.Ed. 585, 1035; Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154; Commissioner of Internal Revenue v. Ellis' Estate, supra; Brodrick v. Gore, 224 F.2d 892 (C.A.10), is whether the power given to the surviving spouse in this case permits her to appoint to herself as unqualified owner or to appoint to her estate. The will is clear on this score, and in numerous Kentucky cases involving similar wills creating life estates it has been held that the surviving spouse cannot dispose of any of the property by will even where her inter vivos powers are very extensive inasmuch as the testator reserved this right for himself. Timmons v. Graham, Ky., 312 S.W.2d 357; Collings v. Collings' Ex'rs, Ky., 260 S.W. 2d 935; Moore v. Morris, Ky., 258 S.W. 2d 908; Lanciscus v. Louisville Trust Company, 201 Ky. 222, 256 S.W. 424; Embry's Ex'x v. Embry's Devisees, 31 Ky.Law Rep. 295, 102 S.W. 239. Nor can the surviving spouse in this case sell the estate and become the absolute owner of the proceeds or of any property in which the proceeds might be rein-

vested. Morgan v. Meacham, 279 Ky. 526, 130 S.W.2d 992; Struck v. Lilly, 219 Ky. 604, 293 S.W. 153; Anderson v. Hall's Adm'r, 80 Ky. 91; Scott v. Scott's Ex'rs, 65 Ky. (2 Bush) 147. Compare Hall v. Hazlewood, 288 Ky. 691, 157 S.W.2d 301; Lickteig v. Lickteig, 236 Ky. 540, 33 S.W.2d 641.

Although the powers given to the surviving spouse in this case are broad and conceivably extend to making gratuitous appointments of the property during her lifetime, yet since she cannot appoint to herself as unqualified owner for the reason that the unconsumed portion of the estate must pass under her husband's will, it follows that her power does not qualify for the marital deduction under Section 812(e) (1) (F).

An appropriate judgment is this day entered.